Josephus M. Robertson, drain commissioner and James M. Clark, clerk of Blissfield Township v. Benjamin L. Baxter.

*Township drain commissioners have no extra-territorial powers—Collateral proceedings in bar—Townships—Constables—Representative taxation —Statutory construction.*

1. Equity proceedings to restrain the enforcement of a drain assessment may go on collaterally with proceedings by certiorari to review the drain commissioner's action; if either could be set up in bar of the other the objection applies in equity rather than at law.

2. Townships in Michigan are distinct municipalities whose officers are residents elected by residents; their constitutional status is that of ancient and recognized municipal bodies whose substantial character is meant to be perpetuated.

3. General language in a statute will not warrant a township in exercising powers extra-territorially.

4. Township drain commissioners have no jurisdiction to lay out drains in other townships than their own, nor to assess the cost of drains against property in other townships.

5. Constables, as ministers of public justice, are State ministerial officers, some of whose powers are strictly local, and some not.

6. Ways cannot be laid out or taxes levied therefor except by persons chosen in the community to be burdened, and acting either alone or in State or county representative bodies.

7. Where the Drain Law speaks, in the same section, of county and town commissioners, each is to be understood as meant to act in his own sphere only.

8. How. Stat. § 1696 permits petitions for laying out drains to be presented to any drain commissioner by any five or more freeholders "residing in [any one or more] townships in which such drains [drain] or the lands to be drained thereby may be [situated]." *Held,* that the bracketed words, which were not in the law as approved by the Governor have no proper place in the statute, and cannot be construed as authority to a township drain commissioner to act outside his township.

9. Legislative construction of past legislation has judicial force for the future only, but may properly be considered for the light it throws on doubtful language.

Certiorari. Submitted April 30—May 1. Proceedings quashed June 3.

Proceedings to lay out township drain. Respondent brings certiorari. Proceedings quashed.

*Henry M. Cheever* for plaintiff in certiorari.

*O. F. Sheldon* and *Millard & Weaver* for defendants in certiorari.

CAMPBELL, J. The plaintiff in certiorari, who is owner of lands in Deerfield, in the county of Lenawee, brings his writ to review certain proceedings, whereby the respondent, Robertson, who is drain commissioner of Blissfield, in Lenawee county, undertook to lay out a drain in the line of an old county drain, and build it through the four townships of Blissfield, Palmyra, Raisin and Deerfield, in Lenawee county, and charge and assess the cost of construction, being between $8000 and $9000, chiefly on the lands traversed, and partly on the townships themselves, and against a fifth township, Ridgway, not along the line, for benefits to the public at large. Plaintiff sued out the certiorari upon grounds going to the jurisdiction of the commissioner to act outside of his township, as well as upon other jurisdictional questions. After this case came into this Court application was made by respondents to allow a further return by

way of bar, to show the pendency of equity proceedings to restrain the enforcement of the assessments, and for some further relief. But we declined to permit this, since equity proceedings do not bar legal proceedings, as a general rule, and may go on collaterally at the same time in aid of the relief without confusion. If there are objections, they usually apply in equity rather than at law, and should be set up there.

The objection to the power of the township commissioner to take such important action as was here had, out of his own township, is the one that first meets us in considering plaintiff's grievance, inasmuch as the land in Deerfield is charged with the expense of work where all the important steps are taken and the record kept in another town. Under our Constitution each township is a separate municipality, whose officers are elected by town residents, and who are themselves residents. No person not living in the township has any voice in its affairs. No instance has ever been known in our history where a town or town representative has been allowed to exercise any governmental powers in another town. It has always been understood that in providing, as it does, for the organization and incorporation of townships, the Constitution dealt with them as recognized and ancient municipal bodies, the substantial character of which was intended to be perpetuated. To allow one township or its officers to meddle in the management of public interests in others, or to levy taxes against them or their people, would be subversive of their independent character. Such a power cannot be inferred.

If the Drain Law of 1881 was designed to reach such results, the consequences are very startling. Under that act the commissioner who lays out a drain not only determines whether it shall be laid, but also its line and dimensions and plan, and who shall pay for it. He fixes, by his own pleasure, the amount to be charged on any parcel of land. He can determine, without review or appeal, to charge any amount he sees fit on any township, or on any city or village, and if the present proceeding is valid, it does not seem to

be necessary that these municipalities shall be traversed by the drain, nor, so far as language goes, that they shall even be in the same county. See How. §§ 1705–1711. He is even empowered to charge the State itself for its lands improved, and demand payment from the Auditor General and State Treasurer. § 1711. That no town can draw any extraterritorial power from general language has frequently been decided. Cooley's Const. Lim. 212 ; *Riley v. Rochester* 9 N. Y. 64 ; *Denton v. Jackson* 2 Johns. Ch. 336 ; *North Hempstead v. Hempstead* 2 Wend. 136. It was held by this Court in *Highway Com'rs v. Van Dusan* 40 Mich. 429, that a contract by township authorities to pay for a sewer in a corporate village within the township limits was void ; and, as expressed by Graves, J., " for the purpose of the question the improvement might as well have been made in another state."

The powers granted, if belonging to respondent, are a direct and immediate interference with the independence of other townships, and an exercise of some of the most important governmental powers of the State over people and municipalities which have no voice, direct or indirect, in the election or appointment of the functionary exercising them. If such a jurisdiction can be given to a township officer, outside of the township, it is impossible to find any power that cannot be given him in any part of the State. Such a grant to a local officer is too repugnant to our political system to find support anywhere. It may be possible and proper to allow the acquisition of property elsewhere under some circumstances. This has sometimes been permitted for reasons connected with the suppression of contagious diseases, and for some other local necessities. But no instance is known where such outlying property gives its owners any local sovereignty. Two townships cannot govern the same territory.

It was urged on the argument that constables can act outside of their towns, and therefore other officers may be allowed to do so. But this argument is fallacious. We had occasion, in *Allor v. Wayne County Auditors* 43 Mich. 76,

to refer to these officers as constitutional officers, and to point out the duty of the legislative authority to respect the municipal essentials, holding that when we adopted institutions we did so with all their fundamental qualities.    But constables, while from time immemorial elected by the people, have never been regarded as acting as agents of their locality.    They are ministers of public justice, and in that capacity are State ministerial officers, with some powers strictly local, and some not local.    They have nothing to do with the transaction of local business, and are, in many respects, on the same footing with justices and judges, who are chosen by local electors, but who serve the State in enforcing the general laws, which are always of general concern.

We have no instance in our local institutions of the laying out of ways or the levying of taxes except by the persons chosen in the community that is burdened, either alone, or as representing them in the county or the State.    Taxation by non-representatives is unheard of.

If the Drain Law gives any such power, it cannot to that extent be maintained.    But we think that the statutes, when compared together, have no such meaning.

It is a composite law providing for both town and county drains, and for economy of language the county and town commissioners are frequently spoken of in the same section. Where this is the case, it is only rational to infer that each is meant to act in his own sphere.    By such a construction the act is readily harmonized.    The only section which can be so read with the rest as to favor the power of a town commissioner to act out of his township is How. Stat. § 1696, being section 6 of the Drain Law of 1881.    By that, as printed, it is declared that petitions may be presented to any drain commissioner by any five or more freeholders " residing in [any one or more] townships in which such drains [drain], or the lands to be drained thereby, may be [situated]."    Except for this, it would require a forced construction to allow commissioners to be applied to from the outside, and even this language is at least ambiguous.    But the words in brackets form no part of the law as approved

by the Governor, and they have no proper place in the statute. In 1883 the Legislature had occasion to deal with the subject in providing for the completion of unfinished county drains, and by Act No. 180 (Laws 1883, p: 198) provided that when there should be no county drain commissioners the various township commissioners should act and perform the duty of completing, relaying, and maintaining uncompleted county drains laid out "in their respective townships," and perform all the other duties of county drain commissioners "in their respective townships." This indicates plainly enough that the Legislature understood these officers to be strictly local. Legislative construction of past legislation has no judicial force except for the future. But it is always entitled to be considered with some care, so far as it throws light on doubtful language, and for future cases it has authority.

The proceedings before us were had in 1884. We think the statute ought to be so construed as to harmonize it with constitutional principles and common usage; and so construed, it will not uphold so much of the action of the drain commissioner of Blissfield as affects the lands of plaintiff in Deerfield.

The proceedings to that extent must be quashed.

The other Justices concurred.