## SCHOLTZ *v.* ELY.

1. DRAINS—ASSESSMENT AGAINST TOWNSHIPS—REVIEW.
    2 Comp. Laws 1897, § 4353, which authorizes the probate court, on the appeal of a township considering itself aggrieved by an assessment for a drain, to appoint a board of disinterested freeholders, residing in the county outside of all the townships traversed by the drain, to review the assessment, while containing no express provision for reviewing the assessments against the non-appealing townships, contemplates that all such assessments shall be reviewed, in like manner as individual assessments are reviewed by the township board; and therefore, where the assessment of the appealing township is reduced, the assessment against one or more of the remaining townships must be correspondingly increased.

2. SAME—NOTICE.
    The fact that the statute does not provide for notice to the non-appealing townships is not a fatal defect in the law, as it is contemplated that the drain commissioner, to whom notice is required to be given, will look after their interests, and notify them if necessary.

Error to Gratiot; Daboll, J.   Submitted February 8, 1900.   Decided March 27, 1900.

*Certiorari* by Charles A. Scholtz, drain commissioner of Gratiot county, to review the action of Townsend A. Ely, Hiram Haring, and Frank E. Durfee, acting as a board of review in drain proceedings. From a judgment for respondents, petitioner brings error. Reversed.

This case is brought to this court by writ of error to review the judgment of the circuit court in sustaining the action of a board of review in reducing the assessment of one of the townships interested. Plaintiff is county drain commissioner, and laid out the drain through the townships of Lafayette, Emerson, and Wheeler. In apportioning the cost, he put 66 per cent. on Lafayette, 15 on Emerson, and 19 on Wheeler. In Lafayette, he put 34 per cent. on the township at large, and the balance he apportioned among individuals owning lands benefited. The township of Lafayette, considering itself aggrieved, appealed to a statutory board of review. This board is provided for in section 4353, 2 Comp. Laws 1897. The township board desiring to appeal, by appropriate resolution, authorizes the supervisor to make application to the probate court. The court is authorized to appoint three competent and disinterested freeholders, residing in the county outside of all the townships traversed by the drain, as a board of review. The statute then provides: "The persons so appointed as aforesaid shall be vested with the same powers and shall perform the same duties in regard to the assessment against said township in the same time and manner in all respects as by this act provided for township boards in reviewing individual assessments." When the persons are appointed by the court, the appealing township is required to notify them of such appointment, and of the time and place for them to meet, and to give like notice to the drain commissioner three days before meeting.

The board met, and made return that the "apportionment of per cent. for benefits against the township of Lafayette, as made by said drain commissioner, is unjust and excessive, and that 14 per cent. should be deducted

therefrom, and that said apportionment should stand as 20 per cent., instead of 34 per cent."

*Searl & Kress* and *J. Lee Potts*, for appellant.

*George P. Stone* and *John T. Mathews*, for appellees.

GRANT, J. (*after stating the facts*). If we read the briefs of counsel for both sides correctly, they seem to agree that the return was the one for which the statute provides, because it (the statute) contains no express provision for reviewing the assessments made upon the other townships. We cannot concur in this view. The benefits to be derived by these townships are relative, and it follows that if one is too high one or more of the others are too low. This board of review cannot determine that the assessment for Lafayette township was too high without determining that the others were too low by the same percentage. It is not authorized to review the action of the drain commissioner in his determination of the entire amount of the assessment, but only to review the apportionment of such amounts among the several townships. The board, therefore, cannot act intelligently without an examination of the entire drain and the benefits to be derived by each township. The statute may be crudely drawn, but it cannot be interpreted to mean that this board of review is called to consider only one township. It is vested with the same powers and the same duties as a township board where an individual appeals to it. Section 4346, 2 Comp. Laws 1897. The township board is given the right to review all assessments; that is, as between individuals. This board is given the same power as between townships. When they reduce one assessment, they must correspondingly raise the other.

The statute does not provide for notice to the townships not appealing. It contemplates that the county drain commissioner will look after their interests, and notify them, if necessary. We do not think the failure to pro-

vide for notice to such townships is a fatal defect in the law.

The judgment of the court below is reversed, and the board of review directed to reconvene, and perform their duties in accordance with this decision.

The other Justices concurred.