PERE MARQUETTE RAILWAY CO. *v.* AUDITOR GENERAL.

1. DRAINS—CERTIORARI NOT EXCLUSIVE REMEDY TO REVIEW DETERMINATION IN DRAIN PROCEEDINGS.

Certiorari is not an exclusive remedy to review proceedings under the drain law, and, under certain circumstances, equity proceedings to restrain the enforcement of a drain assessment may run collaterally in aid of certiorari to review a drain commissioner's action, and, also, in a proper case, equity has jurisdiction to restrain the return of lands delinquent for drain taxes where the proceedings are illegal and void.

2. SAME—PURPOSE OF STATUTE TO PROVIDE FOR SPEEDY REVIEW.

The purpose of the drain law (1 Comp. Laws 1915, § 4908), authorizing review by certiorari, and requiring notice of same to be served upon the drain commissioner within 10 days after the order of determination is filed was to give an opportunity to have a speedy hearing upon any question of jurisdiction or irregularity.

3. SAME — REVIEW — CHANCERY COURT WITHOUT JURISDICTION IN ABSENCE OF PROPER SHOWING.

A railroad company which took no steps to review, within the prescribed time, the determination in drain proceedings in which it was represented by counsel who filed objections and participated in the hearings, but which raised, by suit in equity, the same questions urged at the hearing, and now raises, for the first time, by another equity suit, the objection that, under 1 Comp. Laws 1915, § 4001, the land upon which its right of way runs is not subject to special assessment, without showing reasonable grounds for the delay, *held*, not equitably entitled to relief from the payment of the drain tax; there being no showing justifying a court of chancery taking to itself jurisdiction.

Appeal from Van Buren; Collingwood (Charles B.), J., presiding. Submitted October 5, 1923. (Docket No. 46.) Decided April 10, 1924.

Bill by the Pere Marquette Railway Company against Oramel B. Fuller, auditor general, and others to set aside a drain tax. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Glenn E. Warner* (*Williams, Shields & Seaton,* of counsel), for plaintiff.

*Andrew B. Dougherty,* Attorney General, and *James E. Chandler,* for defendants.

STEERE, J. Plaintiff owns and operates a railroad in the State of Michigan, a portion of its line extending between Grand Rapids and Chicago, passing through the townships of Hartford and Bangor, in

Van Buren county, Michigan, crossing at a point in Bangor township what is known as the "Mud Lake drain."   Defendant Ashley was the drain commissioner of Van Buren county and in the fall of 1919 commenced proceedings to deepen and widen Mud Lake drain and to require plaintiff to enlarge its existing culvert across it.   The special assessment district provided in those proceedings included a portion of plaintiff's right of way passing through those townships.   Those proceedings were before this court in *Pere Marquette R. Co.* v. *Ashley,* 221 Mich. 104, on appeal from dismissal of a bill in chancery asking an injunction on the ground that no proper service of citation and process was made upon plaintiff.   In denying the relief asked under the issue then raised, this court said, among other things:

"Plaintiff had its day in court.   It called witnesses and was fully heard in the matter submitted to the jury.   If dissatisfied with the result reached, it might have secured a review by certiorari in the manner provided by statute."

That bill was filed in the Van Buren county circuit court, in chancery, on June 5, 1920, and on April 23, 1921, an opinion was filed by the circuit judge who heard the case holding the service good, and also that plaintiff's proper remedy was by certiorari, which it had not resorted to within the time prescribed by statute.   On June 13, 1921, he filed a decree dismissing the bill on the ground that plaintiff had not sustained the material allegations in its bill, "nor made out a case under its pleadings and proofs," from which plaintiff appealed.

On August 4, 1921, plaintiff filed this bill raising for the first time the claim that the land on which its right of way ran was not subject to special assessment under the provisions of section 4001, 1 Comp. Laws 1915, which exempts from taxation the real

property of corporations paying specific taxes in lieu of all other taxes for the support of the State. From a decree dismissing that bill this appeal was also taken.

We are unable to accept the proposition that certiorari is an exclusive remedy under the drain law, for this court has held under certain circumstances that equity proceedings to restrain the enforcement of a drain assessment may run collaterally in aid of certiorari to review a drain commissioner's action (*Drain Commissioner* v. *Baxter,* 57 Mich. 129), and that in a proper case equity has jurisdiction to restrain the return of lands as delinquent for drain taxes where the proceedings are illegal and void. *Kinyon* v. *Duchene,* 21 Mich. 498; *Corning* v. *Potter,* 171 Mich. 699. But the more serious question is that of failure to take any steps for review within the limit of time prescribed in the act for pursuing the method pointed out, when no reason for the delay is shown, and then present piece-meal in succeeding bills plaintiff's grounds of objection against the validity of the proceedings for construction of the drain.

The matter was heard before the probate court of Van Buren county on January 23, 1920, at which plaintiff was represented by counsel who had filed objections, which were overruled, and demanded a jury. He participated in the hearing, called and examined witnesses, and was fully heard as to all the matters of defense then urged. A final order of determination was made by the commissioner on February 19, 1920.

Section 3 of chapter 5 of the drain law (1 Comp. Laws 1915, § 4908), which authorizes review upon certiorari, requires notice of the same to be served upon the commissioner within 10 days after the order of determination is filed, and provides for an early hearing of the matter by the circuit court, or judge at chambers, which shall be determined "without un-

necessary delay;" and deprecates dilatory proceedings by declaring that:

"If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and its legality shall not thereafter be questioned in any suit at law or equity."

Plaintiff took no steps whatever for review within the prescribed time, but later filed an injunction bill which only raised the question of defective service and resulting want of jurisdiction which had been urged at the hearing before the probate court. The bill filed in the instant case, for the first time raising the question now urged, was not filed until over a year later, after the previous suit had been heard in the circuit court and decided. This court has twice said that:

"The purpose of the statute undoubtedly is to give an opportunity to have a speedy hearing upon any question of jurisdiction or any question of irregularity." *Strack* v. *Miller,* 134 Mich. 311; *Auditor General* v. *Bolt,* 147 Mich. 283.

The facts upon which plaintiff raises its belated legal contention were as well known to it when the drain proceedings were begun as now. If raised in the hearing before the probate court and, if decided adversely, removed for review in time and manner prescribed by the act to the tribunals provided, a comparatively speedy final determination would have followed. Physically plaintiff's property remained undisturbed. It is not shown or claimed that defendants had committed or threatened any imminent act of trespass upon the property which raised an emergency or were doing anything beyond pursuing the slow processes provided by law for carrying the proceeding forward to a chancery hearing before the circuit court on petition of the auditor general to obtain a decree for enforcement of tax liens by sale of lands

delinquent for taxes assessed thereon. This is not a case where the statutory remedy by certiorari was inadequate. No valid excuse for protracting this litigation by successive bills in equity is shown. The strong expression in the act of a legislative policy looking to expeditious disposition of this class of legislation bears distinctly against equity interference under circumstances shown here. No impelling reason appears to justify a court of chancery in taking to itself jurisdiction.

The decree dismissing plaintiff's bill will stand affirmed.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.