CURRAN *v.* DELTA COUNTY.

1. SHERIFFS—SHERIFF IN APPREHENDING ESCAPED CONVICTS WAS NO MORE ACTING FOR STATE THAN IN APPREHENDING FOR CRIME COMMITTED IN COUNTY.

   Since convicts, in escaping from a State prison, violated a criminal law (3 Comp. Laws 1915, § 14995), a sheriff, in seeking to apprehend and hold them if they were within his county, was no more acting in a State matter than he would have been had he been apprehending them for a burglary committed within his county.[1]

2. SAME—OFFICER IN ADMINISTERING CRIMINAL LAW REPRESENTS SOVEREIGN POWER OF STATE.

   The administration of the criminal law is a State affair, and every officer concerned in it, regardless of where he may get his compensation, represents the sovereign power of the State.[2]

3. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—SPECIAL DEPUTY SHERIFF IN APPREHENDING ESCAPED CONVICTS WAS SERVANT OF COUNTY.

   Where convicts, in escaping from a State prison, violated a criminal law of the State, efforts to capture them, put forth by a special deputy sheriff, duly deputized and sworn in by the sheriff, were services legally chargeable to the county under 3 Comp. Laws 1915, § 13725, or § 15899, and, therefore, where said deputy was killed while so seeking to capture them, his dependents were entitled to compensation from the county under the workmen's compensation act.[3]

Certiorari to Department of Labor and Industry. Submitted January 15, 1925.    (Docket No. 95.)    Decided April 24, 1925.

Anna Curran and another presented their claim for compensation against the county of Delta for the accidental death of their decedent in defendant's em-

---

[1]Escape, 21 C. J. §§ 28, 59; Sheriffs and Constables, 35 Cyc. p. 1533; [2]States, 36 Cyc. p. 853; [3]Workmen's Compensation Acts, C. J. § 39.

ploy.    From an order awarding compensation, defendant and the General Casualty & Surety Company, insurer, bring certiorari.    Affirmed.

*Alexander & Ruttle,* for appellants.

*Torval E. Strom,* for appellees.

BIRD, J.    Frank Curran, while assisting the sheriff of Delta county as a special deputy, was shot and killed by one of two bandits they were seeking to capture. The widow of Curran made application to the department of labor and industry for a death award for herself and son against the county of Delta, and it was granted by the arbitration board and affirmed on appeal.

The facts which were developed at the hearing were, in substance, that two inmates of the State prison at Marquette had escaped, and the warden had informed the sheriff of Delta county that they were headed towards his county.    Later the sheriff was advised that a store at Maple Ridge in his county had been burglarized.    He at once visited Maple Ridge, and, after investigating, concluded that the burglary had been committed by the escaped convicts.    He made an attempt to get help from the warden and was promised it, but it did not arrive.    Just as he was starting with his deputies to search a swamp near by he met Curran on the street and asked him if he would accompany them.    Curran indicated he would, whereupon the sheriff swore him in as a deputy. Very soon after reaching the swamp they got in touch with the convicts and exchanged shots with them. One of the convicts was wounded and the sheriff started at once with him for a hospital in Escanaba. When he returned he found Curran had been shot and killed by the other convict.

The county was subject to the compensation law,

and the sheriff reported a compensable accident to the compensation board. Subsequently the board of supervisors of Delta county allowed a bill for the services of Curran.

The argument of defendants is that the statute makes it the duty of the warden to recapture escaped convicts; that the warden instructed the sheriff of Delta county to prosecute a search for them, and, therefore, it was a State and not a county matter, and that whatever the sheriff and his aids did in the premises they were acting for the State in the State matter, and the county was not liable therefor.

Leaving out of the question for the moment the fact that Curran, when killed, was searching for burglars, as well as escaped convicts, it may be said that when the convicts escaped they violated the criminal law, for which they were subject to further punishment. 3 Comp. Laws 1915, § 14995. As conservator of the peace it was the duty of the sheriff to exercise due diligence to apprehend and hold them if they were within his county. In doing so, he was no more acting in a State matter than he would have been had he apprehended them for the burglary at Maple Ridge. The administration of the criminal law is a State affair, and every officer concerned in it, regardless of where he may get his compensation, represents the sovereign power of the State. The convicts had violated the criminal law of the State, and whatever effort the sheriff and his aids made to capture and incarcerate them while within the county were services legally chargeable to the county. The relation of the sheriff to the State and its criminal laws was touched upon in *Northern Trust Co.* v. *Snyder,* 113 Wis. 516 (89 N. W. 460, 90 Am. St. Rep. 867), in such a manner as to make it appropriate to quote a portion of the opinion, in view of the extended argument of counsel on this question:

"The administration of the criminal law is solely a State affair. Every officer concerned in it, regardless of where the law permits or requires him to resort for his compensation, represents the sovereign power of the State in such matters, and is directly responsible to it for the faithful performance of his duty. A county is not a municipal corporation. It has no police powers, it is not a corporation in the strict sense of the term, but is what is denominated a *quasi*-corporation, an organization in the nature of a corporation, exercising special and limited powers. Those powers pertain strictly to local concerns, the performance of local public duties in which no other part of the State is directly concerned. The apprehension and trial of persons accused of crime is a matter not of local, but of general, concern, one in which the people of the whole State, in theory, are equally interested. If a person commits the crime of larceny, he no more commits the offense against the particular political subdivision in which the offense occurs than against the person whose property he unlawfully takes. It would be as reasonable to say that the offense is against the school district, if committed within the territory of a school district, as against the county, if committed within the territory of a county. The offense is against the State, and it is solely the business of the State to bring the offender to justice, such business to be conducted in such manner as the legislature may see fit to provide. That body has adopted a system of laws as complete as in its wisdom is necessary to that end, and county organizations are no part thereof except in so far as they are required, as mere agencies of the State, to bear the burdens of taxation, and to pay the expenses of administering the law."

See, also, 1 Comp. Laws 1915, § 2455; *Drain Commissioner* v. *Baxter*, 57 Mich. 131.

Perhaps this phase of the argument is not so important, inasmuch as the sheriff and his aids were searching for burglars as much as they were for escaped convicts. Curran was deputized to engage in that hunt. He received his authority from the sheriff and obeyed his orders. He was at no time

subject to the orders or direction of the warden of the prison. He was acting in direct line of the authority that had been conferred upon him by the sheriff, and while so acting he lost his life.

While the enforcement of the criminal law is a State matter, it is made the duty of the county to defray the cost of enforcing it within its territory where not otherwise provided. The services rendered on this occasion by the sheriff and his deputies were probably such as could be compensated by the schedule of prices fixed by the legislature for sheriff's services. 3 Comp. Laws 1915, § 15899. If not, payment could be made under 3 Comp. Laws 1915, § 13725, or the board of supervisors could compensate officials rendering such services, under the following provision:

"For other services not herein specifically provided for, such sums as may be allowed by the board of supervisors." 3 Comp. Laws 1915, § 15899.

We are of the opinion that the department of labor and industry was right in awarding compensation against the county.

The award will be affirmed.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.