PERE MARQUETTE RAILWAY CO. *v.* WILCOX.

1. DRAINS—RIGHT OF REVIEW OF DRAIN TAX LOST BY FAILURE TO REVIEW BY CERTIORARI MAY NOT BE REVIVED BY PAYING TAX UNDER PROTEST AND RECOVERING IN ACTION AT LAW.

A railway company, which failed to review, by certiorari, the validity and legality of a drain tax assessed against

its land claimed to be exempt under 1 Comp. Laws 1915, § 4001, and which was denied relief in two suits in equity because it had not followed said remedy, may not thereafter revive its right of review, so lost, by paying the tax under protest and recovering it in an action at law; the law intending a speedy determination of rights in such proceedings by the remedy provided.[1]

2. JUDGMENT—RES JUDICATA.

Recovery, in an action at law, of a drain tax paid by a railway company under protest, is barred by decisions in equity suits determining that the company had lost its right to review the validity and legality of said tax by failing to review same by certiorari.[2]

Error to Van Buren; Hawley (Royal A.), J., presiding.   Submitted June 8, 1926.   (Docket No. 22.) Decided October 4, 1926.

Assumpsit by the Pere Marquette Railway Company against Eugene I. Wilcox, treasurer of Bangor township, and another for a drain assessment paid under protest.   Judgment for defendants.   Plaintiff brings error.   Affirmed.

*David Anderson* (*W. K. Williams, John C. Shields,* and *J. C. Kaufman,* of counsel), for appellant.

*Lynn J. Lewis* and *James E. Chandler,* for appellees.

WIEST, J.   This is a suit to recover a drain assessment for benefits, paid under protest.   The facts are stipulated and show the assessment was not for claimed benefits from a local improvement in a city or village but out in the country.   Plaintiff claims exemption by virtue of section 4001, 1 Comp. Laws 1915, which provides:

"The following real property shall be exempt from taxation:   *   *   *

---

[1]Drains, 19 C. J. § 274 (Anno); [2]Judgments, 34 C. J. § 1290.

"*Eighth,* The real property of corporations exempt under the laws of this State, by reason of paying specific taxes in lieu of all other taxes for support of the State: *Provided,* That the track, right of way, depot grounds and buildings, machine shops, rolling stock and all other property necessarily used in operating any railroad in this State belonging to any railroad company, shall henceforth be made exempt from taxation for any purpose, except that the same shall be subject to special assessments for local improvements in cities and villages, and all lands owned or claimed by any such railroad company not adjoining the track of such company shall be subject to all taxes."

In the circuit judgment passed for defendants and plaintiff reviews by writ of error.

This is the third appearance in this court of the question of the validity of this tax. In *Pere Marquette R. Co.* v. *Ashley,* 221 Mich. 104, a bill was filed to restrain the drain commissioner from proceeding with the work on the right of way of the railroad company. A decree dismissing the bill was affirmed on the ground that the railroad company had its day in court in the proceeding to deepen and widen the drain and, if dissatisfied with the result on its contest made there, its remedy was by certiorari.

In *Pere Marquette R. Co.* v. *Auditor General,* 226 Mich. 491, a bill was filed by the railway company to set aside the tax for benefits, and dismissal thereof was affirmed on the ground that the validity of the proceedings could have been reviewed by certiorari, and the court of equity would not interfere. In that case the very question here presented was made the ground for relief.

Plaintiff has had three several days in court and now is here for its fourth day. While we did not pass on the right of exemption in the two previous cases we had the question before us in the last case, and, while the bill was dismissed because no reason was

made to appear for equitable interference, we did point out that:

"Under certain circumstances that equity proceedings to restrain the enforcement of a drain assessment may run collaterally in aid of certiorari to review a drain commissioner's action (*Drain Commissioner* v. *Baxter*, 57 Mich. 129), and that in a proper case equity has jurisdiction to restrain the return of lands as delinquent for drain taxes where the proceedings are illegal and void."

After this decision the railway company paid the assessment under written protest, raising therein the point that it was exempt therefrom by the provision of the statute, and then brought this suit to recover the sum so paid.  Defendants insist our former decisions are *res adjudicata,* while plaintiff insists that we have not yet passed on the question of its exemption right.  In holding, in the *Ashley Case,* that plaintiff should have reviewed by certiorari, and in the *Auditor General Case* that in such review equity proceedings might run along with certiorari, we also pointed out that plaintiff could have, and should have, taken such course and its neglect to do so should not be permitted to save the question for protracted litigation.  The issue presented by plaintiff is stale.  We saw the exemption point the time plaintiff presented it in the chancery case, but found no occasion to pass on it beyond dismissing the bill because plaintiff had let the period of review at law pass without availing itself of the remedy at its command.  The law intends speedy determination of rights in drain proceedings and provides for quick review of questions affecting the validity and legality thereof.  Plaintiff may not, at this late day, pay the tax under protest and thereby revive a right of review lost by failure to review by certiorari.  Our former decisions bar

236—Mich.—17.

plaintiff from having a recovery of the assessment paid for benefits.

The judgment in the circuit is affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.