PATRICK *v.* SHIAWASSEE COUNTY DRAIN COMMISSIONER.

1. Drains—Certiorari—Injunction—Jurisdiction.
   The rule that errors and irregularities in proceedings to locate, establish and construct a drain shall be reviewed by certiorari does not apply to prohibit use of remedy of injunction to restrain drain proceedings, where there is an entire want of jurisdiction, as such want may be taken advantage of at any time (CL 1948, § 266.11).

2. Same—Board of Determination—Cleaning Out Drain.
   Plaintiffs, whose lands were traversed by drain, were entitled to rely on the determination of the board of determination that it was only necessary to clean out the drain to its original depth (CL 1948, § 266.11).

3. Same—Certiorari.
   Certiorari is not an exclusive remedy under the drain law (CL 1948, § 266.11).

4. Same—Injunction—Certiorari—Cleaning Out Drain—Deepening and Widening—Board of Determination.
   Plaintiffs, whose lands were traversed by drain, were entitled to relief by way of injunction against county drain com-

---

References for Points in Headnotes
[1, 3]  17 Am Jur, Drains and Sewers §§ 49. 80, 86.
[4]  17 Am Jur, Drains and Sewers §§ 86, 87.

missioner who sought to contract for enlarging and deepening
the drain, and taking some of plaintiffs' lands to effect
such object, where his authority was limited by the board
of determination to cleaning out the drain to its original
depth, certiorari being an inadequate remedy under such
circumstances (CL 1948, § 266.11).

Appeal from Shiawassee; Lyons (Willis L.), J.
Submitted February 10, 1955. (Docket No. 74, Cal-
endar No. 46,270.) Decided April 14, 1955.

Bill of complaint by Rena Patrick and others
against C. K. Colby, as Shiawassee County Drain
Commissioner, to restrain deepening, widening and
relocating of drain and the taking of property there-
for. Defendant's motion to dismiss granted. Plain-
tiffs appeal. Reversed and remanded.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiffs.

*James M. Teahen, Jr.,* for defendant.

SHARPE, J. Plaintiffs, residents of Shiawassee
county, filed a bill of complaint in said county in
which they allege that C. K. Colby, defendant, is
the county drain commissioner and that this action
is brought against him in his official capacity; that
on April 5, 1951, a petition for cleaning out, relocat-
ing, deepening and straightening the North State &
Huckleberry & Mitchener Drain was filed in the of-
fice of the defendant; that said petition was defective
in form and did not give defendant jurisdiction to
clean out the mentioned drain; that defendant ad-
vertised for bids for doing the work and set May 12,
1952, as the day for letting the contract; that in order
to do the work for which the contract is to be let, it
will be necessary to take further right-of-way from
many of these plaintiffs; that defendant has not se-
cured any further right-of-way, nor started any pro-

ceedings for the necessary condemnation; that the
board of determination, appointed by the probate
court for determining the necessity for the cleaning
out of the drain, determined that it was only neces-
sary to clean out the bottom of the ditch to its orig-
inal depth, yet the proposed contract provides for
widening the drain from 8 feet to 12 feet and to deep-
en said drain by as much as 3 feet in some places.

Upon the filing of the above bill of complaint, a
temporary injunction was issued. On May 28, 1952,
defendant entered a special appearance for the pur-
pose of making a motion to dismiss plaintiffs' bill
of complaint. On the same day defendant filed a
motion to dismiss, in part, as follows:

"That this honorable court is without jurisdiction
in the matter for the reason that said action was not
brought in accordance with the statute in such case
made and provided.

"That the plaintiffs fail to set forth adequate rea-
sons to support the extraordinary remedy of an in-
junction.

"That the statute in such case made and provided
requires (that) the plaintiffs should resort to a writ
of certiorari for the purpose of objecting to the pro-
ceedings, that plaintiffs are attempting to impede
the drainage proceedings in a manner contrary to
the statute in such case made and provided.

"That plaintiffs plead conclusions and fail to set
forth facts in requesting the extraordinary relief of
an injunction, and that the remedy of plaintiffs lies
in a petition for a writ of certiorari and not by way
of injunction."

Plaintiffs filed an answer to the above motion, in
part, as follows:

"Further answering said motion, plaintiffs call the
court's attention to the fact that defendant has en-
tered only a special appearance, and this type of
motion can only be heard after a general appear-

ance. That although a copy of the bill of complaint was served with the summons to facilitate an early disposal of this action, and although the 15 days allowed for answer expired 6 days ago, yet the defendant has not answered. That more than 15 days has (have) elapsed since service of process on defendant, yet he has not appeared, nor has he attacked the jurisdiction of the person, and, therefore, defendant is in default."

The cause came before the court and was disposed of on the motion made by defendant. The trial court granted defendant's motion and in an opinion said:

"It appears to the court that where there are irregularities, such as might be corrected on certiorari, that is the method (that) should be pursued; it is the sole remedy if the drain commissioner has jurisdiction to correct any irregularities in the drain proceedings, and when the proceedings are set aside because of irregularities, they go back to the point at which they were regular and proceed from there. It is true that in considering a motion to dismiss the court must take the statements in the bill of complaint as true, however, in this case certain irregularities are alleged which the drain commissioner could correct if the facts stated are true; therefore in this case the motion to dismiss is granted and an order may be drawn for signature in accordance with this opinion."

Plaintiffs appeal and urge, in part, as follows:

"The court erred in hearing and granting defendant's motion when defendant had only entered a special appearance.

"The court erred in finding that the irregularities in the drain proceedings could be corrected by the drain commissioner.

"The court erred in finding that certiorari was the only remedy available to plaintiffs.

"The court erred in failing to take as true all well-pleaded allegations in plaintiffs' bill of complaint."

It appears that the substance of defendant's motion is that plaintiffs' bill of complaint does not state a cause of action in that it merely alleges in general terms that some defects exist in the petition to clean out the drain. The principal issue involved is whether plaintiffs had an adequate remedy at law. Defendant urges that if plaintiffs had an adequate remedy at law, then a chancery court had no jurisdiction of the cause. To support this claim defendant relies upon CL 1948, § 266.11 (Stat Ann 1952 Rev § 11.66), which provides as follows:

"The proceedings in establishing any drain and levying taxes therefor shall be subject to review on certiorari as herein provided. A writ of certiorari for any error occurring before or in the final order of determination shall be issued within 10 days after a copy of such final order is filed in the office of the drain commissioner as required by section 1 of chapter 6, and for any error occurring after such final order of determination, within 10 days after the day of review, or if an appeal has been taken within 10 days after the filing of the report of the board of review. Notice of such certiorari shall be served upon the commissioner within 10 days after the day of issue in the same manner as notice is required to be given of certiorari for reviewing judgments rendered by justices of the peace, and the writ shall be issued and served, and bond given and approved and the subject matter brought to issue in the same time and manner, as near as may be, as in such cases provided, except that such certiorari may be heard by the court during term, or at chambers, upon 5 days' notice given to the opposite party; and the circuit court of the county shall hear and determine the same without unnecessary delay, and if any material defect be found in the proceedings for establishing the drain, such proceedings shall be set aside.

If issues of fact are raised by the petition for such writ and the return thereto, such issues shall, on application of either party, be framed and testimony thereon taken under the direction of the court. If the proceedings be sustained, the party bringing the certiorari shall be liable for the costs thereof, and if they be not sustained, the parties making application for the drain shall be liable for the costs. If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and the taxes therefor legally levied, and the legality of said drain and the taxes therefor shall not thereafter be questioned in any suit at law or equity: Provided, No court shall allow any certiorari questioning the legality of any drain by any person unless notice has been given to the commissioner in accordance with the provisions of this chapter: Provided further, That when such proceedings are brought the commissioner shall postpone the letting of contracts and all other proceedings until after the determination of the court. And if any error be found in the proceedings, the court shall direct the commissioner to correct such error or errors and then proceed the same as though no error had been made."

In *Toledo, Saginaw & Muskegon Railway Co.* v. *Shafer,* 190 Mich 89, 91, plaintiff filed a bill to enjoin the drain commissioners from constructing a drain on their right-of-way. We there said:

"An examination of the drain law clearly discloses that it was the intention of the legislature to have all matters pertaining to the locating and constructing of a drain, in the absence of fraud, tried out, determined, and forever settled in the direct proceedings to establish the drain or on certiorari, as provided for in the statute."

In *Township of Lake* v. *Millar,* 257 Mich 135, 142, we said:

"The rule is that errors and irregularities in drain proceedings must be taken advantage of by certiorari, but an entire want of jurisdiction may be taken advantage of at any time. The drain commissioner had no jurisdiction to construct a sewer any more than to construct a Covert road."

See, also, *Hankinson* v. *Deake,* 265 Mich 1, and *Meyering Land Co.* v. *Spencer,* 273 Mich 703.

It is the position of plaintiffs that where there is an inadequate statutory remedy or an entire want of jurisdiction, advantage may be taken of it at any time. It is also urged that the drain commissioner had no authority to take additional right-of-way or to enlarge the drain beyond the determination of the board of determination; that the first notice that plaintiffs had that defendant was going to take their land without due process of law was when they were served with notice of the letting of the contract to clean out the drain; that when they learned of it, there was no opportunity to bring certiorari, and if they attempted to bring certiorari after the contract was let the contractor could have enlarged the drain and obligated the drainage district before plaintiffs could have brought certiorari.

In our opinion plaintiffs had a right to rely on the board of determination that it was only necessary to clean out the drain to its original depth. There was no occasion to bring certiorari at this stage of the proceedings. It was only when the proposed contract was advertised for enlargement of the drain that plaintiffs had knowledge of the necessity of questioning the proceedings taken by defendant.

Certiorari is not an exclusive remedy under the drain law. If the remedy of certiorari is inadequate, a bill in equity will lie to restrain construction of a drain, see *Chandler* v. *Heisler,* 153 Mich 1. In *Pere*

*Marquette Railway Co.* v. *Auditor General,* 226 Mich 491, 494, we said:

"We are unable to accept the proposition that certiorari is an exclusive remedy under the drain law, for this Court has held under certain circumstances that equity proceedings to restrain the enforcement of a drain assessment may run collaterally in aid of certiorari to review a drain commissioner's action (*Drain Commissioner* v. *Baxter,* 57 Mich 127, 129), and that in a proper case equity has jurisdiction to restrain the return of lands as delinquent for drain taxes where the proceedings are illegal and void. *Kinyon* v. *Duchene,* 21 Mich 498; *Corning* v. *Potter,* 171 Mich 690, 699."

In the case at bar defendant's authority was limited to cleaning out the drain to its original depth as authorized by the board of determination. He had no legal right to deepen or widen the drain or use plaintiffs' lands without condemnation of the same. Under the circumstances of this case it clearly appears that certiorari was not an adequate remedy. It follows that plaintiffs had a right to resort to chancery to restrain defendant from enlarging the drain or taking plaintiffs' lands without condemnation thereof.

The decree is reversed, the cause reinstated and remanded to the trial court for further proceedings. Plaintiffs may recover costs.

CARR, C. J., and BUTZEL, SMITH, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.