MUSKEGON TOWNSHIP v MUSKEGON COUNTY DRAIN
COMMISSIONER

OPINION OF THE COURT

1. DRAINS—ASSESSMENTS FOR REPAIRS—APPEALS FROM ASSESSMENTS—
   LIMITATION OF ACTION—NOTICE.

   Appeals from drainage cost apportionments determined by a
   board of review must be made in the circuit court within ten
   days after the board files its report; if no appeal is brought
   within the time limit, the legality of the apportionment may
   not be attacked, even where interested parties are not given
   official notice of the filing date of the report (MCLA 280.161;
   MSA 11.1161).

   DISSENT BY D. E. HOLBROOK, J.

2. DRAINS—ASSESSMENTS FOR REPAIRS—APPEALS FROM ASSESSMENTS—
   LIMITATION OF ACTIONS—BOARD OF REVIEW—NOTICE.

   *Failure to petition a circuit court for a review of a board of
   review's drainage cost apportionment findings within ten days
   of the filing of the board's report with the drain commissioner
   should not preclude interested parties from contesting the
   board's findings where they have not received notice of the
   filing or a copy of the board's report.*

3. DRAINS—ASSESSMENTS FOR REPAIRS—APPEALS FROM ASSESSMENTS—
   ADMINISTRATIVE PROCEDURES ACT—LIMITATION OF ACTIONS—
   NOTICE.

   *Appeals to a board of review from tax assessments for drain
   repairs by a drain commissioner are contested cases under the
   Administrative Procedures Act; the statutory ten-day limitation
   period for appeals from assessment determinations of the re-
   view board does not begin to run until the board complies with
   the notice requirements of the Administrative Procedures Act
   by sending a copy of its decision to the interested parties*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 72 Am Jur 2d, State and Local Taxation § 782 *et seq.,* 1141.

*(MCLA 24.285, 280.155, 280.157; MSA 3.560[185], 11.1155, 11.1157).*

Appeal from Muskegon, John H. Piercey, J. Submitted May 3, 1977, at Grand Rapids. (Docket No. 26676.) Decided July 18, 1977.

Complaint by Muskegon Township and Egelston Township against the Muskegon County Drain Commissioner seeking a declaratory judgment that certain assessments for drainage repairs were void, and for an injunction requiring taxes to be levied in accordance with a prior apportionment. Case dismissed. Plaintiffs appeal. Affirmed.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.* and *O'Toole & Johnson,* for plaintiffs.

*Krueger & Lesica,* for defendants.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and A. C. MILLER,* JJ.

J. H. GILLIS, P. J. As an opening to this case we borrow an introduction written by Judge Mc-Gregor:

"At the center of this dispute is the Drain Code of 1956, MCLA 280.1 *et seq.;* MSA 11.1001 *et seq.,* an exceedingly complex statute, the provisions of which apparently are known by few in the profession and understood by far fewer." *Ray v Mason County Drain Commissioner,* 48 Mich App 559, 560; 210 NW2d 810 (1973), *vacated,* 393 Mich 294; 224 NW2d 883 (1975).

We beg the reader's indulgence in reading the detailed recitation of the facts and statutes pertaining to this case but feel that such is necessary

---

* Circuit judge, sitting on the Court of Appeals by assignment.

for a full understanding of the problem involved herein.

In May of 1971, a petition was filed with the Muskegon County Drain Commissioner to clean out and repair the Round Marsh Drain. MCLA 280.191; MSA 11.1191. Pursuant to statute, the board of determination was called and necessity determined, MCLA 280.72; MSA 11.1072, an order of determination of necessity was entered by the drain commissioner and cost estimates and apportionments were made, MCLA 280.151; MSA 11.1151. On September 13, 1974, and January 24, 1975, hearings were conducted on the apportionments. MCLA 280.154; MSA 11.1154. The drain commissioner then certified the apportionments. MCLA 280.154; MSA 11.1154.

On January 31, 1975, several property owners appealed the apportionments to the probate court. MCLA 280.155; MSA 11.1155. As required, the probate court appointed a board of review on February 11, 1975. MCLA 280.156; MSA 11.1156. The board of review met on February 26, 1975, and again on March 21, 1975. MCLA 280.157; MSA 11.1157. On June 14, 1975, the board of review filed its report with the probate court, MCLA 280.157; MSA 11.1157, a copy of which was sent to the drain commissioner. The report changed the original apportionment by providing that property owners who owned more than five acres of land would have the assessments exceeding the amount allocable to five acres deferred until such time as the property or a portion thereof was sold. These deferred sums were to be assumed by appellant townships. If and when the property was sold, the townships would collect the assessments from the new owners.

On October 1, 1975, appellant townships re-

ceived the annual assessment roll from the drain commissioner, MCLA 280.262; MSA 11.1262, and realized that the township assessments had been increased from the original assessment by $41,474.20 for Muskegon Township and $4,980.21 for Egelston Township due to this deferred payment plan. Appellants then brought an action in Muskegon Circuit Court seeking a judgment declaring the assessment void and of no effect and for equitable relief in the nature of an injunction requiring the drain taxes to be levied as originally apportioned. Following a show cause hearing conducted on October 14, 1975, the trial court dismissed appellants' action for failure to comply with the time requirements of MCLA 280.161; MSA 11.1161. This appeal followed.

Appellants concede that the procedures described above were conducted in compliance with the requirements of the Drain Code of 1956. Their quarrel is with the code itself and they further argue that the apportionments made by the board of review are illegal.

The Drain Code of 1956 is an attempt by the Legislature to codify the laws regarding drains and to provide detailed and specific procedures to be followed so that controversies may be heard and settled swiftly and with finality. *Patrick v Shiawassee County Drain Commissioner,* 342 Mich 257; 69 NW2d 727 (1955), *Pere Marquette R Co v Wilcox,* 236 Mich 254; 210 NW 331 (1926), *Pere Marquette R Co v Auditor General,* 226 Mich 491; 198 NW 199 (1924), *Strack v Miller,* 134 Mich 311; 96 NW 452 (1903).

As was done in the instant case, the code provides that those unsatisfied with the apportionment may appeal to the probate court, MCLA 280.155; MSA 11.1155, which in turn appoints a

board of review, MCLA 280.156; MSA 11.1156. The
method of appointing the board of review and the
requirements regarding their meetings, duties and
powers 'are specifically explained in the code as
follows:

"The probate court upon receipt of any such applica-
tion as hereinbefore provided for shall forthwith notify
the commissioner in writing of such appeal, and shall
thereupon make an order appointing 3 disinterested
and competent freeholders of such county, not residents
of the township or townships affected by said drain, as
members of a board of review. The persons so appointed
shall constitute the board of review. The court shall
thereupon, with the concurrence of the commissioner,
immediately fix the time and place when and where
said board of review shall meet to review said appor-
tionments, which time shall not be less than 10 nor
more than 15 days from the date of filing such appeal.
The commissioner shall thereupon give notice to the
persons so appointed of their appointment and of the
time and place of meeting, and shall give notice of such
meeting by posting notices in at least 5 public places in
each township forming a part of the drainage district,
and shall serve a like notice upon the appellant if he be
a resident of any township affected. Such notice shall be
made not less than 5 days before the day of hearing and
shall be made by personal service. Proof of service of
notice of appeal shall be made by the person serving
said notice and be filed in the office of the judge of
probate. At such hearing the board of review shall have
the right, and it shall be their duty, to review all
apportionments for benefits made by the commissioner
on such drain. The persons so appointed shall be sworn
by the commissioner to faithfully discharge the duties
of such board of review." MCLA 280.156; MSA 11.1156.

"The board of review shall proceed at the time and
place specified in the notice to hear the proofs and
allegations of all the parties in respect to the matter of
appeal and shall thereupon proceed to view the lands
benefited by such drain and review all the apportion-
ments made by the commissioner on such drain, and if

in their judgment there be manifest error or inequality in such apportionments they shall order and make such changes therein as they may deem just and equitable. * * * *The action and decision of said board shall be final. The action and decision shall be reduced to writing and signed by a majority of the board making the same, and shall be delivered to the commissioner, together with all other papers relating thereto.* " MCLA 280.157; MSA 11.1157. (Emphasis supplied.)

Section 161 of the Drain Code of 1956 provides that those having complaints with the report of the board of review may petition for review in the circuit court by way of a writ of certiorari within ten days after the filing of said report. Section 161 goes on to state that:

"If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and the taxes therefor legally levied, and the legality of said drain and the taxes therefor shall not thereafter be questioned in any suit at law or equity." MCLA 280.161; MSA 11.1161.

It was on the basis of the above provision that appellants' action was dismissed. Appellants contend that MCLA 280.161; MSA 11.1161 is unconstitutional in that it fails to require that notice be given upon the filing of the board of review's report. They argue further that they acted promptly upon receiving the tax assessment rolls and therefore are entitled to equitable relief.

Appellants had notice of and were present at the board of review meetings. They heard or at least had an opportunity to hear the arguments presented. No claim is made that they were denied an opportunity to participate. The only complaint is that appellants did not officially receive a notice when the report was filed.

The Drain Code of 1956 provides that a written report must be filed with the drain commissioner by the board of review. MCLA 280.157; MSA 11.1157. Appellants therefore knew that a determination was going to be made, and that this determination would be final. MCLA 280.161; MSA 11.1161. The only thing that appellants did not know was exactly when the report would be filed. We do not find that the lack of official notice upon the filing of the report denied appellants due process. *Cf. Scholtz v Ely,* 123 Mich 541; 82 NW 237 (1900).

Appellants argue that they were satisfied with the original apportionment and could not foresee this result. Appellants were aware of the dispute. Regardless of their desire to maintain the status quo, it was possible that the decision would adversely affect them. The reduction of one assessment would mean a raise in another. *Scholtz v Ely, supra.*

Although it would be better for the statute to provide a specific time limit for the filing of the report so that one would know exactly when to check for the report, we do not find that the burden of checking with the drain commissioner is fatal. See *Scholtz v Ely, supra.* In fact, appellants admit that they may have had informal notice of the report sometime in June and that either due to the mistake of the drain commissioner or appellants or both in thinking that a final order had to be entered, no writ of certiorari was sought.

Of overriding importance is the need for a stopping point in drain controversies. Mistake or not, appellants did not comply with MCLA 280.161; MSA 11.1161 and have not given us a sufficient reason to allow circumvention thereof. See *Village of Clawson v Van Wagoner,* 268 Mich 148; 255 NW

743 (1934), *Dunning v Township Drain Commissioner,* 44 Mich 518; 7 NW 239 (1880), *Bartnicki v Wayne County Drain Commissioner,* 18 Mich App 200; 170 NW2d 856 (1969), *lv den,* 382 Mich 783 (1969), and compare *Patrick v Shiawassee Drain Commissioner, supra.*

Accordingly, we affirm the trial court and in so doing make no comment as to the appropriateness of the board of review's determination.

Affirmed. No costs, a public question being involved.

A. C. MILLER, J., concurred.

D. E. HOLBROOK, J. *(dissenting).* This writer is unable to agree with the majority opinion and would hold that the procedures involved herein were deficient. Plaintiffs failed to receive notice as required by the Administrative Procedures Act, MCLA 24.258; MSA 3.560(158).

The Drain Code of 1956, 1956 PA 40, § 1, MCLA 280.1; MSA 11.1001, was entitled:

"AN ACT to codify the laws relating to the laying out of drainage districts, the consolidation of drainage districts, the construction and maintenance of drains, sewers, pumping equipment, and such structures and mechanical devices as will properly purify the flow of such drains; to provide for flood control projects; to provide for water management, water management districts and subdistricts, and for flood control and drainage projects within such districts; to provide for the assessment and collection of taxes; to prescribe penalties for violations of the provisions of this act; and to repeal certain acts and parts of acts."

The act is an attempt to codify the laws regarding drains in Michigan. See *Patrick v Shiawassee County Drain Commissioner,* 342 Mich 257; 69

NW2d 727 (1955). A part of that act, in order to further the purposes established in that title, provides that review of the drain commissioner's action shall be conducted by a board of review appointed by the probate court, MCLA 280.156; MSA 11.1156. The Legislature thereby provided for certain basic provisions for review in such matters. The probate court must direct a time and place of hearing for such a dispute and must provide for notice to the parties of the required board of review hearing. MCLA 280.156; MSA 11.1156.

In May of 1971 a petition to clean out and repair the Round Marsh Drain located in Muskegon Township, Muskegon County, was filed with the Muskegon County Drain Commissioner. A determination of necessity was made. Apportionment hearings were held in September 1974 and in January 1975. On January 31, 1975, several property owners filed an appeal with the Muskegon County Probate Court from the board of drain commission's property assessments.

Pursuant to the Drain Code of 1956 the probate court appointed a board of review on February 11, 1975. After inspecting the properties involved in the drainage district and meeting on February 26, 1975, and again on March 21, 1975, the board of review filed its report with the Muskegon County Drain Commissioner. The report was not filed until June 14, 1975. Copies were not delivered to the parties, including plaintiffs herein. The trial court and the majority herein found that plaintiffs' failure to petition for review in the circuit court by way of writ of certiorari within ten days of the filing of the board's report with the drain commissioner precluded plaintiffs' action. This writer cannot conclude that such failure precludes review

where plaintiffs did not receive notice or a copy of the board of review's decision.

In 1969 the Legislature enacted the Administrative Procedures Act of 1969, 1969 PA 306, MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.,* in order to "provide for state agency administrative procedures and contested cases and appeals therefrom in licensing and other matters". The act defines agency as a "state department, bureau, division, section, *board,* commission, trustee, authority or *officer created by the constitution, statute* or agency action". (Emphasis supplied.) MCLA 24.203(2); MSA 3.560(103)(2). A contested case is defined by the act as "a proceeding, including but not limited to rate-making, price-fixing and licensing, in which a determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency". MCLA 24.203(3); MSA 3.560(103)(3). This writer would find that the Administrative Procedures Act applies to the board of review's action herein whereby tax assessments against plaintiffs were made. This was a contested case within the meaning of the Administrative Procedures Act. See *Cooper Township v State Tax Commission,* 393 Mich 58. 68–71; 222 NW2d 900 (1974). Herein the Legislature has provided for a board of review to review the drain commissioner's actions. Later, the Legislature in the Administrative Procedures Act, provided for additional procedures to govern actions in such matters. Failure to comply with the Administrative Procedures Act renders the action taken herein deficient.

In the Administrative Procedures Act it is clearly provided that:

"A final decision or order of an agency in a contested case shall be made, within a reasonable period, in

writing or stated in the record and shall include findings of fact and conclusions of law. * * * A copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record." MCLA 24.285; MSA 3.560(185).

The Drain Code does provide that the decision of the board is to be final. MCLA 280.157; MSA 11.1157. Although the Drain Code also provides that a written report must be filed with the drain commissioner, MCLA 280.157; MSA 11.1157, the Legislature has additionally provided in the Administrative Procedures Act that parties are entitled to receive a copy of the board's decision.[1] The record reveals that no copy of the decision of the board of review was ever sent to plaintiffs. It is, therefore, apparent that the Administrative Procedures Act has not been complied with.

The trial court determined that failure to appeal within ten days of the filing of the board's report with the drain commissioner precluded review. However, the Drain Code and Administrative Procedures Act must be read together and, therefore, the ten-day period could not begin to run until the decision of the board herein was delivered to plaintiffs. Therefore, the trial court incorrectly determined that plaintiffs' action was barred. MCLA 24.306; MSA 3.560(206), *Luther v Alpena Board of Education,* 62 Mich App 32, 34; 233 NW2d 173 (1975).

Plaintiffs also contend that the Drain Code of 1956 is constitutionally deficient because it fails to provide for proper notice. See *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976). *Contrast Scholtz v Ely,* 123 Mich 541; 82 NW 237 (1900). We need not

[1] Obviously, parties include the drain commissioner and all counties, cities, townships, districts or villages to be assessed. *See* MCLA 280.155; MSA 11.1155.

decide this issue because the Administrative Procedures Act requirements provide for notice. Any deficiency in the Drain Code of 1956 is effectively cured by the Administrative Procedures Act. Failure to follow the Administrative Procedures Act in this case requires reversal.

This writer believes that the appeal to the circuit court herein was proper under the facts in this case, and should be reinstated. This writer so votes.