KINNER v. SPENCER.

HOUSEMAN-SPITZLEY CORPORATION v. SAME.

VILLAGE OF OAK PARK v. SAME.

DRAINS—SEWERS—JURISDICTION—INJUNCTION—TAXATION.
Where petition to county drain commissioner conferred no jurisdiction on him to build sewer, proceedings thereunder were void, and therefore decree of trial court enjoining collection of taxes spread, canceling same, and restraining levying of any further tax or assessment therefor, was proper.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 22, 1932. (Docket Nos. 11, 12, 13, Calendar Nos. 35,540, 35,541, 35,542.) Decided March 2, 1932.

Separate bills by Leonard B. Kinner and others, Houseman-Spitzley Corporation, a Michigan corporation, and Village of Oak Park, a municipal corporation, against Arthur W. Spencer, Oakland county drain commissioner, and others to declare drain proceedings invalid, enjoin collection of taxes and payment of bonds. Cases consolidated before trial. Decree for plaintiffs. Defendants appeal. Affirmed.

*Wiley, Streeter, Smith & Ford,* for plaintiffs Kinner and others.

*Yerkes, Goddard, McClintock & Shreve* (*Frank W. Donovan,* of counsel), for plaintiff Houseman-Spitzley Corporation.

*Arthur E. Moore,* for plaintiff Village of Oak Park and others.

*Clarence L. Smith,* Prosecuting Attorney, *George A. Cram,* Assistant Prosecuting Attorney, and *James H. Lynch,* for defendants.

*Miller, Canfield, Paddock & Stone, amici curiæ.*

Sharpe, J. These cases were consolidated when heard by the trial court. In all of them the plaintiffs seek to enjoin the collection of taxes assessed to pay for the construction of what is known as the "Southfield Storm Sewer Drain." The validity of the proceedings taken to establish this drain was before this court in *Clinton* v. *Spencer,* 250 Mich. 135.

In a lengthy opinion, written by Mr. Justice Butzel, it was said:

"The first question that confronts us is whether the drain law of 1923 (Act No. 316, Pub. Acts 1923), as amended in 1925 and 1927, affords any authority for building an underground sewer. The original application filed was for the purpose of affording 'a *sewer*,' not a drain. Irrespective of the terminology used, the structure that was contracted for and was being built was a city sewer. * * * There was no question but that it was to be a sewer which would accomplish both the purpose of a drain and a city sewer. The statute, however, provides only for drains, and not for city sewers. * * * We, however, find no authority whatsoever for the building of a city sewer under the drain law, and we believe that there is a distinction between a drain and a sewer. There was no provision for a sewer in the law under which these proceedings have been taken. * * * We do not believe, however, that the drain law in Michigan, under which the defendants were acting, is sufficiently broad to include sewers."

That the petition as filed conferred no jurisdiction upon the commissioner to take action, and that all subsequent proceedings were without authority and void, could not be more clearly stated.

Counsel for the defendants call attention to the concluding language of the opinion, which reads as follows:

"Inasmuch as plaintiffs never received any notice of these proceedings and are, therefore, not bound by them, it is decreed that the entire proceedings are void as against them and their properties; and any tax liens that may have been placed against plaintiffs' properties on account of the so-called 'Southfield storm sewer drain' are herewith declared to be null and void, and the various taxing authorities that are defendants in this case are herewith perma-

nently enjoined from further assessing said properties for the building of a drain or sewer arising out of any of the present proceedings."

From this they draw the inference "that had the plaintiffs received notice and remained quiescent a different opinion undoubtedly would have been given," and insist that, because the plaintiffs in these cases "received all the notice which the law requires that they shall be given," the statements heretofore quoted should not be held to be decisive of the question here presented.

.Be that as it may, we have no hesitation in adopting what was therein said on the question of jurisdiction as an opinion in this case, and again hold that the petition conferred no jurisdiction upon the drain commissioner to take the action which resulted in the spreading of an assessment on the property of the plaintiffs. See, also, *Township of Lake* v. *Millar, ante,* 135.

It follows that the decree of the trial court, enjoining the collection of the taxes spread, and canceling the same, and restraining the defendants from the levying of any further tax or assessment therefor, is affirmed, with costs to appellees.

The bill of complaint set forth that certain bonds had been issued to pay for the construction of said drain, and prayed that they be declared void and the defendants, the county treasurer and board of county auditors, be restrained from making any payments thereon. None of the holders of such bonds were made parties to the suit. The trial court did not pass upon this question, and we must decline to do so.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.