## KEEFE et al. v. MACOMB COUNTY.
### No. 9549.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1944.

Irvin Long, of Detroit, Mich. (Voorhies, Long, Ryan & McNair, of Detroit, Mich., on the brief), for appellant.

Hugh Francis, of Detroit, Mich. (Alex J. Groesbeck, Hugh Francis, and Bernard F. Powell, all of Detroit, Mich., Wilbur F. Held, of Mt. Clemens, Mich., on the brief), for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

Appellants, holders of bonds issued by certain drain districts in the County of Macomb, Michigan, sued the county, claiming that under Act 331 of the Michigan Public Acts of 1927, the county is obligated to pay such bonds and the coupons attached thereto when the conditions described in the statute exist. Default having occurred in payment by the drain districts, a demand was made upon the county for payment from the general fund, which was refused. Section 15, chapter 10, of the Act, under which liability is claimed to exist, reads as follows: "In case the amount available in

the drain fund shall be insufficient to pay the principal or interest of any such bonds heretofore or hereafter issued when they become due the same shall be advanced and paid by the county out of its general fund and reimbursement to said general fund shall be made out of the drain taxes thereafter collected, provided, that such advancement by the county shall not cause the total debt of the county to exceed the constitutional limitation thereof."

The projects, for the construction of which bonds were issued, are the Nagel arm and laterals of the Nine Mile Halfway drain; the North Lorraine arm of the Nine Mile Halfway drain, and the South Van Dyke arm of the Nine Mile Halfway drain. The proceedings for each project were separate, a separate drain district being created, a separate assessment being levied, and a separate block of bonds being issued. Each of the projects was built to empty into a trunk drain theretofore constructed, known as the Nine Mile Halfway drain. The Supreme Court of Michigan, in Township of Lake v. Millar, 257 Mich. 135, 241 N.W. 237, held this construction to be predominantly a sewer, and collection of an assessment therefor was enjoined on the ground that the proceedings were void for lack of jurisdiction. In Bloomfield Village Drain Dist. v. Keefe, 6 Cir., 119 F.2d 157 certiorari denied, 314 U.S. 649, 62 S.Ct. 95, 86 L.Ed. 520, this court held that the same project constituted a sewer and that the drain proceedings and bonds issued thereunder were void. By stipulation, the record in the Nine Mile Halfway drain case was made part of the record in the instant litigation.

The court referred the case to a special master to determine certain questions, among them (1) whether the improvement in each instance is a drain or sewer, and (2) whether the county is estopped to defend on the ground of the illegality of the bonds if the project is a sewer. The special master found that each of the projects in litigation is a sewer, and hence, under Michigan law, illegally constructed. Township of Lake v. Millar, supra; Kinner v. Spencer, 257 Mich. 142, 241 N.W. 240; Clinton v. Spencer, 250 Mich. 135, 229 N. W. 609; Village of Oak Park v. Van Wagoner, 271 Mich. 450, 260 N.W. 743. He concluded that under the decision of this court in Bloomfield Village Drain Dist. v. Keefe, supra, the county was not estopped to defend on the ground of the illegality of

the bond issue. The District Court in the main sustained the report of the master, making certain modifications therein, and dismissed the complaint.

The appellants contend that this judgment is erroneous and must be reversed because, under Michigan law, the improvements are drains, and the county is estopped to raise the defense interposed by its failure to review the proceedings by certiorari, and by the recitals in the bonds.

■ The findings of the special master, approved by the District Court, must be accepted unless clearly wrong. Appellants contend that the findings consist of ultimate inferences and conclusions only, which are not binding on this court. Cf. Kuhn v. Princess Lida of Thurn & Taxis, 3 Cir., 119 F.2d 704. They rely upon decisions to the effect that when the evidence consists of documents and uncontradicted testimony, it is subject to free review, unaffected by the presumptions which ordinarily accompany findings on controverted issues. Cf. Carter Oil Co. v. McQuigg, 7 Cir., 112 F.2d 275. We think the above exceptions to the general rule that a reviewing court is bound by the findings of a special master, concurred in by a trial court, are not controlling here. The parties stipulated that the master might make his own findings as to facts disclosed by an inspection of territory which he made in connection with the Nine Mile Halfway case. The additional stipulation that the same methods of designing and of subsequent use applied in this case as in the Nine Mile Halfway case required the consideration of much evidence, not documentary and in sharp conflict. The same master in the original case heard testimony covering some 600 pages as to the physical characteristics of the Nine Mile Halfway drain, its arms and laterals and its primary purpose. Much of that testimony is relevant upon the issue of the primary purpose of the arms or branches in litigation here, which is the determinative question in this case. Royal Oak Drain District v. Keefe, 6 Cir., 87 F.2d 786, 791. The master had a peculiar advantage in weighing the credibility of this testimony and his findings are binding if not clearly erroneous.

As found by the master, "there is no showing of any fact indicating that the branches are more like a drain than the trunk conduit. The problem which occasioned their construction, the purposes of the designing engineers, the character of

the terrain, and the general physical characteristics are the same for the trunk project and its branches. If anything, the sewerage purpose is more evident with the branches than the trunk, because the evidence indicates that the arms and laterals were to be constructed at first in the populous sections of the district, where the need for sewerage was more acute." The District Court adopted these findings and the record supports them. The appellants introduced no additional testimony to show that the arms or laterals in any way differ in design or use from the Nine Mile Halfway drain. We conclude that the projects in suit are predominantly sewer projects, and that, under Michigan law, the bonds issued for their construction are invalid.

The appellee is not estopped from raising the defense of illegality by its failure to institute certiorari proceedings under § 4902, Michigan Comp.Laws 1929. Errors and irregularities in drain proceedings must be attacked under this section; but an entire want of jurisdiction may be taken advantage of at any time. Township of Lake v. Millar, supra; Meyering Land Co. v. Spencer, 273 Mich. 703, 263 N.W. 777; Royal Oak Drain Dist. v. Keefe, supra.

Nor is the appellee estopped because of the recitals in the bonds. The drain districts themselves were not estopped by these recitals, since the proceedings were void under state law. Bloomfield Village Drain Dist v. Keefe, supra. Moreover, the liability of the county is only secondary to that of the drain district, and the drain commissioner has no authority to bind the county by his unauthorized act. The county clerk's signature is merely ministerial, certifying to the authenticity of the drain commissioner's signature. The county therefore is not bound by the unauthorized statements in the bonds.

Appellants urge that the ruling in Bloomfield Village Drain Dist. v. Keefe, supra, upon the question of estoppel, was erroneous under the Michigan decisions. It would serve no useful purpose to review the Michigan cases which were covered at length in our decision in that case. We think the view there expressed as to the rule of the Michigan Supreme Court on this subject is specifically approved by the latest pronouncement of the state court on the question. City of Highland Park v. Oakland County Drain Commissioner, 300 Mich. 501, 2 N.W.2d 479, 483. The court

there unanimously declared that the validity of bond issues such as those litigated here "depends upon the facts and circumstances under which they were issued. See Royal Oak Drain District, Oakland County, Mich. v. Keefe, 6 Cir., 87 F.2d 786. We repeat that the controlling legal distinction between sewers and drains is the primary purpose of the structure which determines its character regardless of what may be purely incidental purposes. Kennedy v. Dingman, 272 Mich. 24, 261 N.W. 123. The Federal courts likewise recognize the Michigan rule, here repeated, that the drain district or municipality is not estopped from denying validity of a bond issue on the ground of total lack of jurisdiction. Bloomfield Village Drain District v. Keefe, and four other cases, 6 Cir., 119 F.2d 157."

The judgment is affirmed.