## SKURSKI v. GURSKI.

1. REFORMATION OF INSTRUMENTS—DEEDS—GRANTEES—EVIDENCE.
   Evidence failed to establish plaintiff's right to reform deed so
   as to include her name with that of her late husband as grantee
   in deed with right to survivorship alleged to have been pur-
   chased on land contract.

2. SAME—DEEDS—PARTIES—ESTATES OF DECEDENTS.
   Son of plaintiff and her late husband was a necessary party in
   her suit to reform deed to the husband so as to include her
   name as a grantee with right of survivorship as the son was
   an heir at law of his father and interested in his estate and
   had rights directly affected by any attempt to strip that estate
   of any of its assets.

3. PARTIES—INTERVENTION.
   An intervenor who is a real party in interest and a necessary
   party defendant becomes invested with the rights of a de-.
   fendant to contest plaintiff's right to recovery or redress (CL
   1948, § 612.11).

4. REFORMATION OF INSTRUMENTS—PLEADING—EVIDENCE—PARTIES.
   Material allegations in a bill of complaint, which were put in
   issue by the answer of a defendant who was a necessary party
   and a real party in interest in suit to reform a deed, had to
   be established by plaintiff by competent proofs, notwithstand-
   ing nominal but nonappearing and noninterested parties were
   defaulted and answering defendant entered the suit as an
   intervenor.

---

REFERENCES FOR POINTS IN HEADNOTES
[2] 45 Am Jur, Reformation of Instruments, § 95.
[3] 39 Am Jur, Parties, §§ 55, 61, 67.
[4] 39 Am Jur, Parties, §§ 77, 79, 80.
[5] 58 Am Jur, Witnesses, § 323.

5. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —REFORMATION OF INSTRUMENTS.
     Testimony of plaintiff as to matters equally within the knowledge
       of her deceased husband, given in her suit to reform deed to
       him so as to include her name as grantee with right of sur-
       vivorship, was barred by statute, where the testimony was in
       support of a right hostile to the interests of his estate and ma-
       terial allegations in plaintiff's bill were put in issue by de-
       fendant intervening son (CL 1948, § 617.65).

Appeal from Wayne; Webster (Clyde I.), J. Sub-
mitted October 12, 1950. (Docket No. 23, Calendar
No. 44,852.) Decided January 8, 1951.

Bill by Mary Wozniak Skurski against Joseph
Gurski and others to reform deed. Stephen Wozniak
intervened as party defendant. Stella Czajkowski
added as party defendant. Decree for plaintiff. In-
tervenor appeals. Reversed and bill dismissed.

*Arthur L. Robbins, Milton L. Caplan* (*Norman D.
Katz,* of counsel), for plaintiff.

*James C. Moran* and *Edmund J. Stafford,* for in-
tervenor.

DETHMERS, J. Plaintiff's bill of complaint, filed in
1947, alleged that in 1935 she and her then husband,
John Wozniak, entered into a contract for the pur-
chase of land; that in 1936 the vendors, who are the
defendants Joseph and Stanislawa Gurski, conveyed
the land to plaintiff's husband by a warranty deed
which, through a scrivener's error, did not include
plaintiff's name as one of the grantees; that her hus-
band died in 1937. She prayed that the deed be re-
formed to show herself and husband as grantees and
that she be decreed, as survivor, to be sole owner of
the premises.

Probate files received in evidence disclose that
plaintiff was appointed administratrix of her hus-

band's estate in 1939, that she sought and obtained an order authorizing her to lease the premises for the benefit of the estate, and that in 1946 she filed an inventory in the probate court listing the premises as an asset of the estate; that in 1939 she was appointed guardian of the 3 minor children of plaintiff and her said husband, and that, after long neglecting to do so, in response to an order and citation from the probate court, she filed inventories in the guardianship estates which disclosed a 2/9 interest in said premises in each of the 3 minors. Thereafter she remarried, sought to amend the probate files to show herself the sole owner of the premises and brought this suit to accomplish that end.

Plaintiff's bill of complaint named only the Gurskis as defendants. Inasmuch as they had conveyed title to plaintiff's husband almost a dozen years before and were no longer interested in the premises, they were, obviously, utterly unconcerned about the outcome of this litigation and, accordingly, entered no appearance. Plaintiff did not join her 3 children in the action. Plaintiff's oldest son, defendant Stephen Wozniak, however, having achieved his majority, petitioned for and secured an order permitting him to intervene as a party defendant. Pursuant to stipulation the other 2 children were then added as parties defendant. One of them, apparently now of age, was defaulted for nonappearance, and a guardian *ad litem* was appointed, appeared and answered for the younger. Defendant Stephen Wozniak filed an answer denying some of the material allegations in plaintiff's bill of complaint and averring, as to the others, lack of knowledge concerning the same and leaving plaintiff to her proofs thereon. Thereafter plaintiff defaulted the defendants Gurski for nonappearance.

Because the Gurskis had been defaulted, the trial court ruled that all material allegations in plaintiff's

bill stood admitted, obviating necessity for proof thereof by plaintiff, and that, intervention being by statute (CL 1948, § 612.11 [Stat Ann § 27.663]) made "in subordination to, and in recognition of, the propriety of the main proceeding," it followed that the allegations of plaintiff's bill must be deemed to have been admitted by defendant Stephen Wozniak. Hence, plaintiff was not required on trial to prove execution of the land contract or any of the material allegations of her bill of complaint. When counsel nonetheless offered plaintiff as a witness and she undertook to testify concerning matters equally within the knowledge of her deceased husband, the court overruled defendant Wozniak's objections thereto on the grounds that, inasmuch as the Gurskis could not have claimed the benefit of the statute (CL 1948, § 617.65 [Stat Ann § 27.914]) because they were neither heirs nor representatives of the deceased, therefore, the intervenor, who must take the case as he finds it, was in no position to avail himself of the statute. Hence, plaintiff was permitted to testify to such matters. Even so, her testimony fell far short of establishing her right to redress. From decree granting plaintiff relief as prayed, defendant Wozniak appeals.

Defendant Wozniak was a necessary party defendant. As an heir at law of his father, he was interested in the latter's estate and his rights were directly affected by any attempt to strip that estate of any of its assets. Even though it be said that the decree sought by plaintiff against the Gurskis would not have been binding on defendant Wozniak if he had not become a party, nonetheless, such decree would have had the effect of clouding the title to real estate in which he claimed an interest. Under the circumstances, no court would have been justified in permitting the case to go to decree for plaintiff with only nominal parties defendant, while the

children, as the real parties in interest, were not made parties to the suit. What the trial court did, however, was to permit defendant Wozniak to intervene to the extent of being bound by the decree but not to the extent of being allowed to contest plaintiff's claims of right thereto.

The difficulty in this case arose from a misconception of the rights and status of one intervening as a party defendant. While an intervenor may not, under the statute, challenge the propriety of the proceeding in which he intervenes, nonetheless, when, as here, he is a real party in interest and a necessary party defendant, upon his intervention as a party defendant, he becomes invested with the rights of a defendant to contest plaintiff's claimed right to recovery or redress. In *Stratford Arms Hotel Co.* v. *General Casualty & Surety Co.,* 249 Mich 518, one who intervened as defendant was permitted not only to contest plaintiff's claim but to proceed to affirmative judgment against him under defendant's notice of recoupment. We there said:

"It is claimed that, because his intervention must be in subordination to and in recognition of the propriety of the main proceeding, he had no right to proceed to an affirmative judgment against plaintiffs under his notice of recoupment. After defendant Lee was permitted to intervene, he was a party to the litigation, interested in its proper disposition, and had a right to give notice of recoupment, introduce proof to sustain the damages alleged to have been suffered by him, and to have judgment therefor, if entitled thereto, on the proof, to follow the case here and be heard prior to the judgment of this Court."

Defendant Wozniak's answer put the material allegations in plaintiff's bill of complaint in issue. Thereafter, in order to prevail, plaintiff was required to establish them by competent proofs. She

offered no proofs other than her own testimony, which was insufficient to prove her case. The testimony she did give, relating to matters equally within the knowledge of her deceased husband, was barred by the statute in this case in which she sought to assert a right hostile to the interests of his estate, the suit being defended by an heir of the deceased. Plaintiff's bill of complaint is thus left without the support of any competent proofs whatsoever. The decree should, therefore, be reversed. A decree may enter in this Court dismissing plaintiff's bill of complaint, with costs to defendant Stephen Wozniak.

Reid, C. J., and Boyles, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.