*In re* LERGNER ESTATE.

LERGNER *v.* HENRY.

1. EXECUTORS AND ADMINISTRATORS—INTESTATE DECEDENT—NOMINATION OF ADMINISTRATOR.

A widow has the prior right to nominate the administrator of her intestate husband's estate (CL 1948, § 702.52).

2. WITNESSES—COMMON-LAW WIFE—NOMINATION OF ADMINISTRATOR—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Testimony of woman who claimed she had been the common-law wife of intestate decedent, hence, that she had the prior right to nominate the administrator for his estate, *held*, to have referred, in material particulars, to matters equally within the knowledge of the deceased and its admission was, therefore, reversible error (CL 1948, §§ 617.65, 702.52).

Appeal from Kent; Brown (William B.), J. Submitted October 5, 1954. (Docket No. 14, Calendar No. 46,202.) Decided December 29, 1954.

Harriet Lergner, asserting that she was the common-law wife, challenged appointment of Gerald M. Henry, who was named administrator of the estate of Henry H. Lergner, deceased. On appeal from pro-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur, Executors and Administrators, §§ 80, 81.
[2] See, generally, 58 Am Jur, Witnesses § 248.

bate court verdict and judgment were entered in circuit court for plaintiff. Defendant appeals. Reversed and remanded for new trial.

*Wencel A. Milanowski,* for plaintiff.

*Gerald M. Henry,* for defendant.

BOYLES, J. This is an appeal by the administrator of the above estate from a judgment entered in the circuit court for Kent county after a verdict by jury, on trial of an appeal from the probate court. The probate judge had held that the appellee Harriet Lergner was not the lawful widow of the decedent, and had appointed the appellant as administrator of said estate. The circuit court, after the jury verdict, set aside the order entered in the probate court and ordered that the appellee Harriet Lergner, as the widow of the decedent, had the prior right to nominate the administrator.*

Decision depends on whether the appellee Harriet Lergner was the common-law wife of the decedent at the time of his death and, hence, his widow, with prior right to say who be appointed administrator. She claimed to have been his common-law wife and consequently his lawful widow at the time of his death, and filed a petition in the probate court asking for the appointment of one Wencel A. Milanowski as the administrator of his estate. A counterpetition was filed by Harry H. Lergner, Jr., son and heir-at-law of said decedent, asking for the appointment of one Gerald M. Henry as administrator.

If the appellee were the lawful widow of the decedent she had the prior right to nominate the administrator. The probate judge, after taking testimony, held that the appellee was not the widow of the de-

_____

* CL 1948, § 702.52 (Stat Ann 1943 Rev § 27.3178[122]).

cedent and entered an order appointing appellant as administrator, on the petition of the son and heir-at-law. Harriet Lergner appealed to the circuit court where the question whether she was the common-law wife of the decedent was tried by jury, resulting in a verdict in her favor reversing the probate court. From the judgment entered thereon holding that she was the common-law wife and widow of the decedent the defendant appeals.

For reversal appellant claims that the court erred in admitting the testimony of Harriet Lergner over appellant's objection, and that it should have been excluded on the ground that it applied to matters equally within the knowledge of the deceased.*

It is not necessary to encumber this opinion with the testimony of Harriet Lergner. There can be no question but that in many material particulars it referred to matters equally within the knowledge of the deceased. It had to do with facts and circumstances occurring during the lifetime of the decedent, obviously within his knowledge, on which she relied to establish that she was his common-law wife. It was reversible error to admit this testimony. *Skurski* v. *Gurski,* 329 Mich 474.

Appellant also claims reversible error in several particulars in the court's charge to the jury. Inasmuch as the charge depended in many respects on the inadmissible testimony of the appellee, and raises questions which obviously will not occur at another trial, we need not discuss the instances wherein the court erred in the charge.

Reversed and remanded for a new trial, with costs to appellant.

Butzel, C. J., and Carr, Bushnell, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.

---

* CL 1948, § 617.65 (Stat Ann § 27.914).