LANDOWNERS OF SEXTON-KILFOIL DRAINAGE DISTRICT
*v.* WAYNE COUNTY DRAIN COMMISSIONER.

1. EQUITY—AMENDMENT—NONSUIT.
    Visiting judge to whom injunction suit had been assigned for
    adjudication properly denied relief to plaintiffs who had there-
    tofore been denied adjournment by presiding judge of circuit
    where cause was set for trial, in order to make further amend-
    ment, which denial had been followed by denial of permission
    to submit to a nonsuit.

2. PARTIES—INTERVENORS—INACTION.
    Whether or not appellants, alleged landowners in drainage dis-
    trict in which proceedings were pending to clean out, relocate,
    widen, deepen, straighten, and extend the drain, had sought
    and obtained the right to intervene in suit to enjoin the
    carrying out of the contemplated project, actually acquired
    the status of intervenors *held*, questionable, where subsequent
    action consisted in having attorney present, but apparently
    inactive, at pretrial conference and at hearings, until motion
    to dismiss bill of complaint had been granted, in view of their
    inaction and failure actively to participate in the proceedings,
    since they had consented that their intervention should be in
    subordination to, and in recognition of, the propriety of the
    main proceedings (CLS 1956, § 280.1 *et seq.*, as amended;
    CL 1948, § 612.11).

3. SAME—RIGHTS OF INTERVENORS.
    Intervenors who come into an action in subordination to the
    main proceedings may not broaden the issues which were
    litigated between the principal parties (CL 1948, § 612.11).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  28 Am Jur, Injunctions § 276.
[2]  39 Am Jur, Parties § 55 *et seq.*
[3]  39 Am Jur, Parties § 79.
[4]  39 Am Jur, Parties §§ 79, 80.

4. SAME—INJUNCTION—INTERVENORS—DISMISSAL OF BILL.

Appellants who came into suit to enjoin a drainage project upon their acceptance of permission to intervene as parties plaintiff were wholly subordinate to the prerogative of the original plaintiffs to direct and control the course of the litigation, hence, where the bill filed by the original plaintiffs was dismissed without a hearing on the merits, there is nothing left for the appellants to adopt or rely upon were they to have a hearing as sought (CL 1948, § 612.11).

Appeal from Wayne; Bach (Arthur M.), J., presiding. Submitted June 7, 1962. (Docket No. 22, Calendar No. 49,374.) Decided July 18, 1962.

Bill by Landowners of the Sexton-Kilfoil Drainage District, a Michigan nonprofit corporation, against Henry V. Herrick, Wayne County Drain Commissioner, to enjoin work on county drain. Leonard H. Moore, James M. Moore, and Henry Buck intervened as parties plaintiff. Plaintiffs' motion to amend denied, and bill dismissed. Intervenors' motion for rehearing denied. Intervenors appeal. Affirmed.

*B. B. Moshier,* for intervening plaintiffs.

*Samuel H. Olsen,* Prosecuting Attorney, *Aloysius J. Suchy, David E. Flayer,* and *William F. Bledsoe,* Assistant Prosecuting Attorneys (*Miller, Canfield, Paddock & Stone, Stratton S. Brown,* and *Chester C. Pierce,* Wayne County Drain Commission Legal Advisor, of counsel), for defendant.

CARR, C. J. The Sexton-Kilfoil drain was constructed in Wayne county several years past. In June, 1957, a petition was presented to the defendant drain commissioner seeking the cleaning out, relocating, widening, deepening, straightening, and extending of said drain, which lies in the townships of

Ecorse, Romulus, and Taylor, and the cities of Wyandotte, Lincoln Park, Ecorse, and Allen Park. Said petition was filed under the drain code of 1956.* The defendant took action under the statute and petitioned the probate court of the county for the appointment of commissioners to function in accordance with the statutory requirements. Subsequent proceedings were taken, as prescribed by the governing statute, prior to the institution of the present litigation.

Plaintiffs, describing themselves as owners of land in the Sexton-Kilfoil drainage district subject to assessment in connection with the pending proceeding, filed suit in the circuit court of Wayne county under date of July 13, 1960, for the purpose of obtaining injunctive relief to prevent the carrying out of the contemplated project. An amended bill of complaint was filed July 21st following, and on August 9th plaintiffs' claims were set forth in their second amended bill of complaint. A third amended bill of complaint was filed December 7, 1960, alleging that section 191† of the drain code was unconstitutional for certain reasons, that the special commissioners appointed failed to act in compliance with the statute, that the petition on which the drain commissioner acted did not confer jurisdiction on him because not properly signed by qualified persons, and that there were also other irregularities and defects in the proceeding.

To such pleading defendant filed answer denying the material claims of plaintiffs and asserting in substance that the proceeding had been conducted strictly in accordance with the statute. It was

---

* PA 1956, No 40, as amended (CLS 1956, § 280.1 *et seq.*, as amended [Stat Ann 1960 Rev and Stat Ann 1961 Cum Supp § 11.1001 *et seq.*]).

† CLS 1956, § 280.191, as amended by PA 1957, No 119 (Stat Ann 1957 Cum Supp § 11.1191).

denied that plaintiffs were entitled to the relief sought or to any equitable relief. Subsequent to the filing of plaintiffs' amended bill of complaint a petition for leave to intervene was presented to the court by the 3 appellants herein, setting forth that they owned property in the Sexton-Kilfoil drainage district assessed for work to be done in connection with the project contemplated by the petition presented to the defendant commissioner. They further alleged that they desired to join as party plaintiffs in the cause and to litigate the question involved as to their properties. They formally consented that intervention on their part should be "in subordination of, and in recognition of the propriety of the main proceedings."

Said petition was granted by order filed August 15, 1960, defendant through his counsel consenting thereto, and the original plaintiffs and the defendant were directed to furnish copies of all pleadings to the attorney for appellants. The order allowing intervention contained no provision requiring that the parties seeking such order should file a pleading or pleadings, and appellants did not do so. So far as this record is concerned, they apparently took no part in the proceedings other than to appear by their attorney, nor did they join with the original plaintiffs in the third amended bill (above referred to) filed in December, 1960.

A pretrial hearing was held on April 7, 1961, in accordance with the court rule (Michigan Court Rule No 35 [1945]*). At such hearing the attorney representing appellants appeared but the statement made by the circuit judge conducting the proceeding does not indicate that any claims on behalf of these appellants were submitted in the course of the hearing or otherwise called to the attention of

---

* See additions and revisions, 334 Mich xl, 352 Mich xv.—REPORTER.

the judge. The statement set forth at some length the claims of the original plaintiffs and, likewise, the position of the defendant. As suggested, it does not appear that any showing was made as to the specific claims, if such there were, that appellants desired to advance on the trial of the cause.

The case was set for trial on June 5, 1961, being assigned for hearing to Judge Arthur M. Bach. At that time counsel representing the parties who filed the third amended bill of complaint sought an adjournment to permit a further amendment to the bill. It may be noted that the pretrial statement sets forth the conclusion of the circuit judge presiding that: "The pleadings seem to be in order." Apparently there was no indication at the time that further amendment of the bill of complaint was desired. The request for adjournment for the purpose indicated was referred by Judge Bach to the presiding judge of the Wayne circuit court, by whom the request was denied. A further request was then made that plaintiffs be allowed to submit to a nonsuit. The presiding judge also denied that request on the ground that the court could not properly grant it without stipulation. Thereupon counsel for the parties returned to Judge Bach who quite properly declined to consider granting the relief that the presiding judge had denied. Counsel for the plaintiffs then indicated that they were not prepared to proceed to trial, and that they would stand on their motion for a nonsuit. Thereupon the judge stated from the bench that he had no alternative other than to grant a motion to dismiss the case with prejudice.

It appears that counsel representing the present appellants was in court at the outset of the proceedings on June 5, 1961, but apparently took no part therein. Before their termination he absented himself for the purpose of trying a case set for hear-

ing in another courtroom. On his return he discovered what had occurred. On behalf of his clients he filed objections to the entering of the proposed decree which objections were overruled, and a decree was entered dismissing the third amended bill of complaint with prejudice. A subsequent motion by appellants for a rehearing was denied. The appeal to this Court followed.

In substance it is the claim of appellants as set forth in the brief of their counsel that the trial court was in error in not affording them an opportunity for a hearing on the merits of the cause. It is a matter of inference that their position is that, the case having been dismissed as to the original plaintiffs who filed the third amended bill of complaint, appellants nonetheless should have been permitted to go to trial thereon and to raise such questions set forth in the pleading as they desired. They ask by way of relief that this Court remand the case with directions to allow them such hearing.

As before pointed out, appellants filed no pleading of any kind or character setting forth the claims that they desired to interpose in their own behalf in the litigation, nor did they indicate in any way that they accepted the bill of complaint filed prior to the order allowing intervention as a formal statement of a cause of action on their part. Since the other parties were required to serve pleadings on their attorney, presumably they were advised with reference to the third amended bill of complaint which, as stated, was filed in December, 1960. No claim is made that they sought to join as party plaintiffs in that pleading, or that in any way they expressed their acceptance of it for the purposes of the case. It may be inferred that they expected that the original plaintiffs would proceed with the litigation, but there is nothing in the record before us to indicate that they intended, or were prepared,

to actively participate in the trial. In short, their activity in the litigation was limited to an order permitting them to intervene, the permission granted by which they did not pursue.

The statutory provision providing for intervention in a case pending in court is set forth in CL 1948, § 612.11 (Stat Ann § 27.663), as follows:

"In an action either at law, or in equity, anyone claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

The interpretation of the language quoted was involved in *Zerfas v. Eaton County Drain Commissioner*, 326 Mich 657, 665, in which it was recognized that the trial court has a "measure of discretion" with reference to the granting of such application. In effect, the trial judge in the case at bar was asked to permit appellants to adopt the bill of complaint that had previously been filed by the original plaintiffs after it had been dismissed as to said plaintiffs. Under the peculiar situation involved in the case at bar it may be questioned whether appellants, because of their inaction, actually acquired the status of intervenors.

In *Spanich v. City of Livonia*, 355 Mich 252, the suit was brought by plaintiff to enjoin the enforcement of a zoning ordinance as to his property. Other property owners intervened as parties defendant. Plaintiff had decree which this Court affirmed, approving and adopting the opinion of the trial judge. In the course of such opinion the matter indicated by the following quotation therefrom was considered (pp 264, 265):

" 'One other matter may be dealt with briefly. The principal defendant, the city, pleaded "laches"

as a defense. However, it transpired that the city made no effort at the trial to prove the elements of such a defense. The intervening defendants, a group of homeowners in the neighborhood, attempted to pick up and utilize this defense. It is the position of the court that laches is a defense not available to the principal defendant, legally or factually, even if it had not been abandoned so far as proofs are concerned. Having vanished from the case, so far as the principals were concerned, it follows that it may not be invoked by the intervenors, under the rule of law established by the statute (CL 1948, § 612.11 [Stat Ann § 27.663]), that they must come into the action "in subordination to. * * * the main proceeding." They may not broaden the issues which were litigated between the principal parties.'"

In accord with such holding the conclusion follows in the instant case that the bill of complaint as filed by the original plaintiffs having been dismissed it was no longer in the case and, in consequence, under no theory were the appellants entitled to adopt it or to rely thereon. With such pleading absent from the picture there would be nothing before the trial court in the event of a remand thereto. In any event the rights of appellants, assuming that they in some way accepted the permission to intervene, were wholly subordinate to the prerogative of the original plaintiffs to direct and control the course of the litigation.

Appellants cite and rely on *Weatherby* v. *Kent Circuit Judge,* 194 Mich 46. That case resulted from an action against a surety company on the bond of a saloonkeeper, based on alleged unlawful sale of liquor to plaintiff's husband. The saloonkeeper was not made a party defendant in the case but he sought and was granted leave to intervene on the basis of an agreement that he had made to indemnify the surety against loss. The plaintiff,

by mandamus, sought to compel the setting aside of the order allowing intervention. It was held that the saloonkeeper had such an interest in the litigation as to justify the granting of permission to intervene. The Court referred to the general rule that the intervention was in recognition of and subordinate to the main proceeding. It was held also that mandamus was not a proper remedy. We do not think that the decision has any particular bearing on the issue involved in the case now before us, and like comment may be made with reference to *Stratford Arms Hotel Co.* v. *General Casualty & Surety Co.,* 249 Mich 518, and *Smith* v. *Township of Norton,* 319 Mich 365, relied on by counsel for appellants.

In *Skurski* v. *Gurski,* 329 Mich 474, also cited by counsel for appellants, the action was brought by the plaintiff to reform a deed, given to her husband as grantee, in such manner as to include her name therein. The husband was deceased at the time the suit was brought. A son of the parties was granted leave to intervene. On appeal the propriety of such action was recognized, it being pointed out that he was a necessary party defendant. In discussing the situation it was said (pp 477, 478):

"As an heir at law of his father, he was interested in the latter's estate and his rights were directly affected by any attempt to strip that estate of any of its assets. Even though it be said that the decree sought by plaintiff against the Gurskis would not have been binding on defendant Wozniak if he had not become a party, nonetheless, such decree would have had the effect of clouding the title to real estate in which he claimed an interest. Under the circumstances, no court would have been justified in permitting the case to go to decree for plaintiff with only nominal parties defendant, while the children, as the real parties in interest, were not made parties to the suit. What the trial court did, however, was

to permit defendant Wozniak to intervene to the extent of being bound by the decree but not to the extent of being allowed to contest plaintiff's claims of right thereto.

"The difficulty in this case arose from a misconception of the rights and status of one intervening as a party defendant. While an intervenor may not, under the statute, challenge the propriety of the proceeding in which he intervenes, nonetheless, when, as here, he is a real party in interest and a necessary party defendant, upon his intervention as a party defendant, he becomes invested with the rights of a defendant to contest plaintiff's claimed right to recovery or redress."

The case was dismissed on the ground that plaintiff had not introduced sufficient competent proof to sustain her right to the relief sought. Accordingly a decree was entered dismissing the bill of complaint with costs to the intervening defendant. It appears that in the case the intervenor actually assumed the burden of the defense, the original defendants having been defaulted. Apparently they had no interest in the premises at the time the suit was brought. The factual situation in the instant case is such as to render the decision cited inapplicable.

Without discussing the matter in further detail, we conclude that the trial court was not in error in dismissing the third amended bill of complaint filed by the original plaintiffs and in denying appellants' petition for a rehearing. Defendant may have costs.

Dethmers, Kelly, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred with Carr, C. J.

Black, J., concurred in result.