BARTNICKI v. WAYNE COUNTY DRAIN COMMISSIONER

BIRD v. WAYNE COUNTY DRAIN COMMISSIONER

1. Drains—Assessment for Construction—Contest by Property Owners—Res Judicata.

> Summary judgment for defendants in an action by plaintiff property owners for adjustment of tax assessments for improvement of a drain *held*, proper where the subject matter of the dispute was *res judicata* in that all of plaintiffs' allegations either were or should have been litigated in an action on this same subject matter which was decided by Michigan Supreme Court, and some of the plaintiffs participated in that action.

2. Judgment—Res Judicata—Scope.

> The plea of *res judicata* applies not only to points upon which the court in the prior action was actually required to pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

3. Drains—Construction—Assessment of Benefits—Review of Assessment—Statute—Court Action—Newly Discovered Evidence.

> Summary judgment for defendants on ground of *res judicata* in an action by plaintiff property owners for adjustment of tax assessments for improvement of a drain was proper in

---

References for Points in Headnotes

[1, 3, 5]  41 Am Jur, Pleading §§ 340–343.
[2]  30A Am Jur, Judgments § 325.
[4]  27 Am Jur 2d, Equity § 152.

spite of plaintiffs' claim of newly discovered evidence where the exercise of due diligence by plaintiffs, including adherence to the appropriate steps outlined in the drainage code, would have informed them of how the drainage improvement's costs were to be assessed (MCLA §§ 280.72, 280.151, 280.154, 280.155, 280.157, 280.161, 280.265).

4. Words and Phrases—Laches—Definition.

The defense of laches arises from the failure of a party to do something which should be done or failure to claim or enforce a right at a proper time.

5. Drains—Construction—Assessment of Cost—Adjustment—Court Action—Defenses—Equity—Laches.

Summary judgment for defendants in an action by plaintiff property owners for adjustment of tax assessments for improvement of a drain was proper where plaintiffs' action was barred by laches resulting from their inaction when they could have pursued their statutory remedies effectively.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 May 7, 1969, at Detroit. (Docket Nos. 5,406, 5,407.) Decided June 26, 1969. Leave to appeal denied in both cases September 17, 1969. See 382 Mich 783.

Complaints by Stanley Bartnicki and other taxpayers similarly situated, and by Lissette C. Bird and other taxpayers similarly situated against Henry V. Herrick, Wayne County Drain Commissioner, Louis V. Funk, Wayne County Treasurer, the County of Wayne, the City of Southgate, a municipal corporation, the City of Ecorse, a municipal corporation, the City of Lincoln Park, a municipal corporation, and the City of Allen Park, a municipal corporation, for adjustment of certain tax assessments for construction of a drain. Defendants' motion for summary judgment granted. Plaintiffs appeal. Affirmed.

*Edwin C. Ide,* for plaintiffs.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *Lawrence O. Hinkle,* Assistant Prosecuting Attorneys, for defendants Henry V. Herrick, Louis H. Funk, and the County of Wayne.

*Robert E. Butcher,* City Attorney, for defendant City of Lincoln Park.

*Donald C. Neitzel,* City Attorney, for defendant City of Southgate.

*Roy B. Cicotte,* City Attorney, for defendant City of Allen Park.

Before: Holbrook, P. J., and McGregor and Bronson, JJ.

McGregor, J. The two cases herein discussed concern the same facts, allegations, and defendants. The plaintiffs are two groups of people who unsuccessfully filed class actions in the lower court. Our decision disposes of both their appeals.

The lower court actions stemmed from drainage improvements petitioned for in 1957 and completed in late 1964. The sale of bonds to finance the drainage work was delayed by a lawsuit filed in 1960, in which some of the plaintiffs participated. See *Landowners of Sexton-Kilfoil Drainage District* v. *Wayne County Drain Commissioner* (1962), 367 Mich 150. After the Supreme Court determined that the drain proceedings were valid, the bond sale and work commenced. The order issued by the drainage board to the drain commissioner indicated that the defendant municipalities were to be assessed for part of the cost of the improvement. Apparently they were not,

and the plaintiffs allege constructive fraud. Defendants filed motions for summary judgment in both actions which, after being granted by the lower court on the grounds of no cause of action, were appealed.

The issue posed is whether the court correctly granted defendants' motions for summary judgment.

The thread of plaintiffs' argument is that the failure to assess the defendant municipalities for the drainage improvement cost constituted fraud or constructive fraud, and thus they have an equitable claim for relief. They contend they had no notice of the fraud at the time of the original failure to assess, and thus their actions, filed on discovery of the fraud, were timely. Plaintiffs requested an equitable order by the court, ordering the municipalities to comply with the drainage board's order to pay their share of the improvement cost. As a basis for their contentions, plaintiffs use various equitable principles embedded in legal tradition.

Although the lower court seemed to acknowledge that plaintiffs did have an equitable claim for relief, it based its judgment of no cause of action on the defenses of *res judicata* and laches. *Res judicata* applies to these cases because the drain improvement proceedings were challenged in the *Landowners Case, supra*. Numerous allegations were raised unsuccessfully in that litigation, and the Supreme Court affirmed the court's dismissal. Some of the plaintiffs participated in that action. All could have. Moreover, the allegations of fraud should have been raised in the previous litigation. The failure to raise those allegations at that time prevents their efficacy here.

"The plea of *res judicata* applies, * * * not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which proper-

ly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Gursten* v. *Kenney* (1965), 375 Mich 330, 335.

Plaintiffs argue that new evidence, their eventual discovery of the assessment scheme, makes their actions timely. This is sophistry. The exercise of due diligence, including a reading of and an adherence to the appropriate steps outlined in the drainage code, would have informed plaintiffs of how the drainage improvement's costs were to be assessed.

Every one affected by a drain is notified of the date and place of the determination board's meeting. At the meeting, affected parties may appear and voice support for or opposition to the drain and improvements. CLS 1961, § 280.72 (Stat Ann 1959 Cum Supp § 11.1072). If the board of determination finds the drain or the proposed work necessary, the per cent of benefits are apportioned to the affected lands by the drain commissioner. CLS 1961, § 280-.151 (Stat Ann 1968 Rev § 11.1151). Notice is then given to all parties of a public meeting at which a review will be had of the apportionment of benefits. CLS 1956, § 280.154 as amended by PA 1957, No 61 (Stat Ann 1959 Cum Supp § 11.1154). Any one aggrieved by the apportionment of benefits may, at the day of review, apply to the probate court for the appointment of a board of review. CLS 1961, § 280-.155 (Stat Ann 1968 Rev § 11.1155). The board of review hears all parties and can make such changes in the apportionment as they deem just and equitable. CLS 1961, § 280.157 (Stat Ann 1968 Rev § 11.1157). If an interested party is not satisfied, he may, after the report of the board of review, or at various other times during the proceedings, have the proceedings reviewed by certiorari. CLS 1961, § 280.161 (Stat Ann 1968 Rev § 11.1161).

All of these opportunities for review and protest are to be invoked prior to the expenditure of any funds for the drain.  However, there must be an end to any proceedings, and the section of the drain code that provides for review by certiorari states in part:

"If no certiorari be brought within the time herein prescribed, the drain shall be deemed to have been legally established, and the taxes thereof legally levied, and the legality of said drain and the taxes therefor shall not thereafter be questioned in any suit at law or equity."    CLS 1961, § 280.161 (Stat Ann 1968 Rev § 11.1161).

Plaintiffs did not attempt to review their apportionments by any of the statutory methods provided. However, at a later date, they attempted to do what the legislature and the courts prohibit, namely, review drain proceedings other than in the manner provided by the drain statutes.  See also CLS 1961, § 280.265 (Stat Ann 1968 Rev § 11.1265).

Laches also bars plaintiffs' actions.  Estoppel by laches is the failure to do something which should be done or to claim or enforce a right at a proper time.  Black's Law Dictionary (4th ed).  Plaintiffs' inaction in the pursuit of their statutory remedies effectively bars their dilatory actions here contesting the assessment of the drainage improvement cost.

Affirmed.  No costs, a public question being involved.

All concurred.