TOMALIS *v.* THE TRADESMEN'S NATIONAL BANK
OF NEW HAVEN

JUDGMENT — RES JUDICATA — ATTACHMENT — LIENS — LAND —
RECORDS — NOTICE.

> *Res judicata* was properly applied in dismissing an action to set aside land attachment proceedings against plaintiffs' grantors and to declare void defendant's recorded lien on that land where plaintiffs had notice of defendant's attachment, had taken title subject to the recorded attachment lien, but had failed to intervene and raise as defenses in the attachment action matters which they could have then raised and later sought to assert in the action to set aside the attachment, namely, irregularity in the attachment and discharge in bankruptcy of the grantors (MCLA §§ 565.25, 612.11; GCR 1963, 209.1[4]).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 October 10, 1969, at Lansing. (Docket No. 3,746.) Decided October 29, 1969.

Complaint by Joseph R. Tomalis and Mary Gail Tomalis, his wife, against the Tradesmen's National Bank of New Haven, a national banking association, to set aside land attachment proceedings against plaintiffs' grantors and to declare void defendant's recorded lien on that land. Judgment of dismissal for defendant. Plaintiffs appeal. Affirmed.

*Malcolm A. Harris,* for plaintiffs on appeal.

*O'Brien & Lippman,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Attachment and Garnishment § 392 *et seq.*

Before: Quinn, P. J., and Bronson and T. M. Burns, JJ.

Quinn, P. J. June 29, 1965, plaintiffs filed this action to set aside attachment proceedings in another action in which defendant was plaintiff and Donald Burthwick and wife were defendants, and to declare null and void defendant's recorded lien on land which Burthwicks conveyed to plaintiffs September 27, 1961. Defendant had summary judgment of dismissal below. Plaintiffs' motion to set aside the summary judgment was denied and they appeal.

August 18, 1961, The Tradesmen's National Bank of New Haven commenced an action by attachment against Donald Burthwick and wife and a writ of attachment issued that day. August 22, 1961, the sheriff levied on lot 225, Franklin Knolls No. 3, West Bloomfield township, Oakland county, and a certificate of attachment was recorded that date. August 28, 1961, an appraisal of the property was filed in circuit court. September 22, 1961, a declaration was filed and on the same date publication of the notice of attachment commenced and continued through October 27, 1961.

September 27, 1961, Burthwicks conveyed the attached property to plaintiffs.

February 21, 1963, a default judgment was entered in the attachment action and on March 14, 1963, a writ of execution issued under which a levy on the real estate involved was made March 15, 1963. April 2, 1964, the premises were sold on execution sale and the same day the sheriff issued a certificate of sale to defendant. April 1, 1965, the period of redemption expired.

In granting summary judgment of dismissal and in denying plaintiffs' motion to set aside that dis-

missal, the lower court held that plaintiffs' action was barred by *res judicata*. After eliminating the argumentative portions of plaintiffs' statement of issue on appeal, the issue is whether *res judicata* was properly applied in this case. If it was, discussion of the many incidental issues raised by plaintiffs is unnecessary.

Under MCLA § 565.25 (Stat Ann 1969 Cum Supp § 26.543), plaintiffs had notice of defendant's attachment on the Burthwick property from August 22, 1961, the date the certificate of attachment was recorded. By the same statute, plaintiffs took title to the Burthwick property subject to the attachment lien when they received a deed from Burthwicks September 27, 1961. That conveyance placed plaintiffs in privity of estate with Burthwicks. Until December 31, 1962, plaintiffs had a right to intervene in the attachment suit under the provisions of CL 1948, § 612.11 (Stat Ann § 27.663), and thereafter they had the same right under GCR 1963, 209.1(4).

Had plaintiffs exercised their right of intervention in the attachment suit, they could have raised as defenses to that action the issues they presently raise in this action as basis for relief, namely: irregularity in the attachment proceeding and Burthwicks' discharge in bankruptcy. *Skurski* v. *Gurski* (1951), 329 Mich 474. Plaintiffs had an opportunity to present their instant claims and failed to avail themselves of that opportunity. On the basis of *Shank* v. *Castle* (1959), 357 Mich 290, 294 and 295, they are now barred from raising them. The trial court properly applied *res judicata*.

Additionally, plaintiffs could have redeemed the property within one year of April 2, 1964. MCLA § 600.6062 (Stat Ann 1962 Rev § 27A.6062).

Affirmed with costs to defendant.

All concurred.