EMERICK v SAGINAW TOWNSHIP

Docket No. 48450. Submitted June 6, 1980, at Lansing.—Decided
    March 4, 1981. Leave to appeal applied for.

George Emerick, Loraine Figg, Arthur Hartwig, T. J. Murphy,
    Herbert Mickey, Joseph Elisech, Donovan Zollinger, and Carl
    Archambault brought an action against the Township of Sagi-
    naw, the Saginaw County Drain Commissioner, and the Drain-
    age Board for McCarty Road Drain Improvement Drainage
    District challenging special assessments levied on their prop-
    erty. Defendants moved for accelerated and summary judgment
    on the ground that plaintiffs failed to bring their challenge
    within the statutory time limit. Saginaw Circuit Court, Eugene
    Snow Huff, J., granted defendants' motions. Plaintiffs appeal.
    *Held:*

    1. The trial court properly granted defendants' motions.
    Plaintiffs did not comply with the statutory period for limita-
    tion of actions, nor did they make sufficient allegations of fraud
    to avail themselves of the equity exception to the statutory
    provisions for challenge as developed by case law.

    2. The trial court properly held that the issue of whether
    defendants should be allowed to issue bonds without the ap-
    proval of the electorate was not properly before it, no allega-
    tions that the bonds were being issued or put up for sale having
    been made.

    Affirmed.

---

References for Points in Headnotes

[1] 70 Am Jur 2d, Special or Local Assessments § 154.
[2] 14 Am Jur 2d, Certiorari § 30.
  70 Am Jur 2d, Special or Local Assessments §§ 158, 160, 196, 201.
[3] 70 Am Jur 2d, Special or Local Assessments § 201.
[4] 37 Am Jur 2d, Fraud and Deceit § 424.
  Construction and application of provision of Rule 9(b), Federal
    Rules of Civil Procedure, that circumstances constituting fraud or
    mistake be stated with particularity. 27 ALR Fed 407.
[5] 37 Am Jur 2d, Fraud and Deceit §§ 432, 433.
[6] 37 Am Jur 2d, Fraud and Deceit § 400.
  51 Am Jur 2d, Limitation of Actions § 143.

1. TAXATION — MICHIGAN TAX TRIBUNAL — JURISDICTION — STATUTES.

   The Michigan Tax Tribunal has exclusive and original jurisdiction for direct review of special assessments under property tax law·(MCL 205.731[a]; MSA 7.650[31][a]).

2. DRAINS — COURTS — LIMITATION OF ACTIONS — FRAUD — STATUTES.

   A final order of determination establishing a drain or a final order of apportionment of the assessments therefor is not subject to challenge in court except by proceedings in certiorari within the statutory period for limitation of such actions; a drain is deemed legally established where no such challenge is brought within the limitation period, and therafter neither the establishment of the drain nor the assessments therefor are subject to court challenge except where fraud is alleged and properly pled or where lack of jurisdiction is alleged (MCL 280.483; MSA 11.1483).

3. DRAINS — COURTS — DRAIN CODE — STATUTES.

   Irregularities in proceedings to establish a drain or to apportion the assessments therefor may be challenged in court only pursuant to the provisions of the drain code (MCL 280.483; MSA 11.1483).

4. FRAUD — PLEADING — COURT RULES.

   Fraud must be pled with specificity; mere allegations or conclusions are insufficient to apprise a defendant of the nature of a claim of fraud, and a plaintiff does not have the right to a hearing to present proofs where a complaint does not state a cause of action for fraud (GCR 1963, 112.2).

5. FRAUD — PLEADING — ELEMENTS OF FRAUD.

   An essential element of the tort of fraud is reliance upon fraudulent representations or conduct which amounts to fraud at law, and an aggrieved party must allege a causal link between a defendant's inequitable conduct and the resulting harm.

6. DRAINS — LIMITATION OF ACTIONS — JUDICIAL CONSTRUCTION — STATUTES.

   The exception to the statutory period for limitation of actions for challenges to the establishment of drains and assessments therefor based on fraud or lack of jurisdiction as developed by case law must be narrowly construed (MCL 280.483; MSA 11.1483).

*Allan C. Schmid, Gust Triantafillou,* and *William G. Elliott, Jr.,* for plaintiffs.

*William A. Crane,* for Saginaw Township.

*Merritt R. Jones,* for Saginaw County Drain Commissioner and McCarty Road Drain Improvement Drainage District.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

G. R. CORSIGLIA, J. This action was brought in the Circuit Court for the County of Saginaw to challenge special assessments levied on the property of the plaintiffs in connection with the improvement of the McCarty Road Drain. On October 15, 1979, the circuit court entered an order granting accelerated and summary judgment on the ground that plaintiffs failed to comply with the statute of limitations. The trial court denied a motion for rehearing. Plaintiffs appeal as of right.

Certain allegations of fraud were made in the plaintiffs' complaint and will be discussed below. As an initial note, this Court will assume *arguendo* that the circuit court had valid equity jurisdiction based upon those allegations and address a jurisdictional matter not yet raised by the parties at the circuit level or upon appeal.

Since July 1, 1974, the Michigan Tax Tribunal has held original and exclusive jurisdiction pursuant to the enabling statute to review special assessment determinations. MCL 205.731(a); MSA 7.650(31)(a). The statute states:

"The tribunal's exclusive and original jurisdiction shall be:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws."

The issue of equity jurisdiction of the circuit courts in special assessment cases, including those involving drain assessemnts, is currently pending on appeal before the Michigan Supreme Court. See *Romulus City Treasurer v Wayne County Drain Comm'r,* 86 Mich App 663; 273 NW2d 514 (1978), *lv gtd* 406 Mich 976 (1979), *contra, Edros Corp v Port Huron,* 78 Mich App 273; 259 NW2d 456 (1977). If the allegations of fraud are sufficient in the instant case to support equity jurisdiction, the issue pending on appeal is squarely presented to the Court.

However, this Court does not feel compelled to base its decision upon the lack of subject matter jurisdiction, an issue not raised by the parties. Dismissal based upon the plaintiffs' failure to comply with the statute of limitations was also proper.

The final order of determination was filed on August 2, 1978. The final order of apportionment was filed on October 16, 1978. Plaintiffs did not file their complaint until December 11, 1978, 56 days after the final order of apportionment, and 131 days after the final order of determination. The presently-applicable statute states:

"Neither the final order of determination nor the final order of apportionment shall be subject to attack in any court, except by proceedings in certiorari brought within 20 days after the filing of such order in the office on the chairman of the board issuing the same. If no such proceedings shall be brought within the time above prescribed, the drain shall be deemed to have been legally established and the legality of the

drain and the assessments therefor shall not thereafter
be questioned in any suit at law or in equity, either on
jurisdictional    or    nonjurisdictional    grounds." MCL
280.483; MSA 11.1483.

Clearly, plaintiffs have not complied with the time
limits of the statute. Unless equity will allow, the
plaintiffs' cause of action is barred.

An exception to the plain language of the Drain
Code has grown up in Michigan under prior statu-
tory language for cases where fraud is alleged and
properly pled. An entire lack of jurisdiction could
be challenged in a similar fashion. However, mere
irregularities in the proceedings were to be settled
under the statute. See *Kinner v Spencer*, 257 Mich
142; 241 NW 240 (1932), *Patrick v Shiawassee
County Drain Comm'r*, 342 Mich 257; 69 NW2d
727 (1955). Plaintiffs argue that they have pled
facts sufficient to fall within the exception to the
20-day statute of limitations.

Under the court rules of Michigan, fraud must
be pled with specificity. GCR 1963, 112.2. Mere
allegations or conclusions are not sufficient to
apprise a defendant of the nature of the claim of
fraud. In this case, the trial court noted the issue
after extensive argument in motions and the oral
argument for rehearing. A plaintiff does not have
the right to a hearing to present proofs where the
complaint is insufficient to plead the cause of
action.

In addition, an essential element of the tort of
fraud is reliance upon fraudulent representations
or conduct which amounts to fraud at law. The
aggrieved party must allege a causal link between
the inequitable conduct of a defendant and the
resulting harm. Plaintiffs have not alleged how
they relied upon the "fraudulent" actions of the
defendant to their detriment. The trial court had

before it pleadings which indicated only that the plaintiffs strenuously objected to the special assessments as unfair. Neither the trial court nor the defendants were presented with specific allegations showing why the alleged improprieties could not have been dealt with with dispatch under the procedures set up by the Legislature in the Drain Code.

While this Court reaffirms the continuing existence of an exception to the Drain Code statute of limitations to be found in equity, it also recognizes that the severe time limitations incorporated by the Legislature into the Drain Code are not without purpose. The statute provides opportunities for review and protest which are to be invoked prior to the expenditure of any funds for the drain project. *Bartnicki v Wayne County Drain Comm'r,* 18 Mich App 200; 170 NW2d 856 (1969), *lv den* 382 Mich 783 (1969). There must be an end to challenges to the legality of the establishment of a drainage district. The plain language of the Drain Code makes this evident. The judicial exception to the rule, developed over the years under prior versions of the code, remains valid, but it must be narrowly construed.

It is apparent from the record that the trial court was aware of the plaintiffs' allegations regarding fraud. It is also apparent that the trial court did not find this case to fall within the exception permitted by the statute and the case law. This Court has considered the pleadings in this case *de novo;* review of the pleadings confirms the ruling of the trial court.

Further, the trial court specifically found that the motion for accelerated and summary judgment was filed within the time provisions of the statute. We do not disagree.

Plaintiffs have also argued that the defendants should not be allowed to issue bonds without the approval of the electorate. The trial court held that the issue was not properly before it, since no allegations were made that the bonds were being issued or were being put up for sale. The plaintiffs have not adequately pursued this issue on appeal, and we affirm the trial court's holding that the issue as pled was not ripe for review.

Affirmed.